OPINION OF THE COURT
Chief Judge Cooke.
The extent to which the prosecution should be allowed to use prior convictions to impeach the credibility of a defendant who testifies is a matter that is generally left to the discretion of the trial court. The trial court may not, however, abdicate its responsibility by failing to exercise this discretion. Here, the Appellate Division was correct in its determination that no such discretion was exercised. This court cannot agree, however, that the error was harmless. The order of the Appellate Division therefore should be reversed.
*238 Defendant Kenneth Williams was convicted after a jury trial of robbery in the second degree. Prior to trial, defendant moved, pursuant to the procedures outlined in People v Sandoval (34 NY2d 371), for a ruling on which of defendant’s prior convictions might be used to impeach his credibility if he chose to testify in his own behalf. The court reviewed 23 of defendant’s prior convictions that the prosecution stated it planned to use. The prosecutor later withdrew his request to use one of the convictions. Of the remaining 22, the court ruled that defendant could be cross-examined on 20 of the convictions and on the underlying facts of the remaining 2. Defendant chose not to testify.
At trial, the complainant testified that defendant and another man accosted her on a Bronx street and defendant told her he had a gun. She testified that the men took her money and rings and forced her to buy a television set for them with her credit card. They then fled. She stated that four months later, she saw defendant walking on the street and called police. Two police officers testified that after his arrest defendant told them he took the rings, money, and television set from complainant but that he had done so by tricking her and had not used a weapon. The defense offered no testimony. In summation, defense counsel argued that defendant had perpetrated a confidence game upon the complainant but had not robbed her.
The Appellate Division, by a divided court, affirmed defendant’s convictions (82 AD2d 734). All of the members of that court agreed that the trial court had either abused its discretion or exercised none at all in its Sandoval ruling. A majority held, however, that this error was harmless.
In Sandoval, this court sanctioned a procedure whereby a defendant, before deciding whether to testify, could obtain “an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant’s credibility” (34 NY2d 371, 374, supra). It emphasized that, in weighing whether cross-examination about a prior conviction or immoral act should be allowed, the court should balance the probative *239 worth of the evidence on the issue of defendant’s credibility against “the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand in his own behalf” (34 NY2d 371, 375, supra).
Although the list is by no means exhaustive, among the factors that may bear upon the court’s decision whether to permit use of a prior conviction are the period of time since the conviction, the degree to which it bears on a defendant’s veracity and credibility, and the extent to which any similarity between the prior conviction and the crime charged may “be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility” (People v Sandoval, 34 NY2d 371, 377, supra; see People v Mackey, 49 NY2d 274; People v Davis, 44 NY2d 269; People v Carmack, 44 NY2d 706).
The balancing of these factors in the course of passing on a Sandoval motion is a discretionary determination for the trial courts, and review beyond the intermediate appellate level is generally not warranted (People v Brown, 48 NY2d 921). Where the court has abused its discretion or exercised none at all, however, a legal issue reviewable by this court exists. On this record we have no occasion to disturb the determination of the Appellate Division that there was error.
In this case, the District Attorney indicated he would use 23 of defendant’s prior convictions for impeachment if defendant testified. With the exception of one felony, armed robbery, these involved a laundry list of misdemeanors, including larceny by trick, fraud, petit larceny and sexual abuse, among others. The prosecutor withdrew his request to use one of the convictions. Of the remaining 22 convictions, the court permitted cross-examination on 20. It also allowed the use of the underlying facts of the other two crimes, for one of which defendant was adjudicated a youthful offender.
The record of the Sandoval hearing gives no indication that the court engaged in any exercise of its discretionary power to weigh the various relevant factors. Indeed, the *240 only factor it appeared to consider was whether the prior convictions indicated defendant’s willingness to place his own interests above those of society. This, it is true, was one of the factors mentioned in Sandoval as bearing on a defendant’s veracity (34 NY2d 371,377, supra; see People v Duffy, 36 NY2d 258, 262, cert den 423 US 861). As Sandoval made clear, however, neither this nor any other factor was intended to be definitive. Nearly every crime, to a greater or lesser degree, indicates such a willingness.
To the extent a past crime may indicate this willingness, it bears upon whether a defendant will place self-interest foremost again and lie on the witness stand. But the indication, no matter how strong, of the existence of such a tendency through past convictions does not obviate the need for the court to exercise its discretion and weigh other relevant factors such as the danger that the defendant may be convicted for his past criminal record rather than for the crime for which he is charged (People v Davis, 44 NY2d 269, 274-276, supra).
This is not to say that any particular conviction in this case should have been excluded or that cross-examination should have been limited to only a certain number of past convictions. As Sandoval stated and subsequent decisions have reiterated, this is an exercise of discretion that should be left to the trial court. But it is also an exercise of discretion that should be performed by the trial court.
Although the Appellate Division unanimously determined that there was an abuse or nonexercise of discretion by the trial court, the majority nonetheless held the error to be harmless. The majority concluded (82 AD2d 734, 735, supra) that because at least some of defendant’s prior convictions would have formed a proper basis for cross-examination, “it does not appear to us that defendant would have taken the stand under any circumstances”. The determination of harmlessness was incorrect.
Harmless error analysis does not involve speculation as to whether a defendant would have testified if the legal error had not occurred (People v Shields, 46 NY2d 764,765; cf. People v Grant, 45 NY2d 366, 378-380). Speculation about what the defendant might have done had the circumstances been different can never be more than just that — *241 speculation. Laying aside such conjecture and examining the evidence presented by the prosecution, it cannot be said that the error here was harmless. On the crucial issue of whether defendant robbed the complainant or merely “conned” her, the only evidence was the testimony of complainant that defendant told her he had a gun. There was no testimony by her or anyone else that a gun was actually seen. In addition, defendant’s alleged accomplice was never apprehended. The proof of defendant’s guilt of the robbery charge was far from overwhelming. And, inasmuch as the pretrial ruling might have affected defendant’s decision whether to testify and provide critical information, the trial court’s abdication of its responsibility to exercise its discretion in ruling on defendant’s Sandoval motion cannot be considered harmless.
Accordingly, the order of the Appellate Division should be reversed and the case remitted for a new trial.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchs-berg concur; Judge. Meyer taking no part.
Order reversed and case remitted to Supreme Court, Bronx County, for a new trial.