■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COE, Appellant. — Judgment, Supreme Court, New York County (Goldman, J.), rendered November 6, 1980, convicting defendant after a jury trial of burglary in the third degree and sentencing him to a term of 3 to 6 years, reversed, on the law, and the case remanded for further proceedings. Defendant was convicted after a jury trial of burglary in the third degree and sentenced to a prison term of from 3 to 6 years. The evidence, including most significantly the defendant's fingerprint on a glass partition at the burglarized premises, was clearly sufficient to sustain the verdict. The nature of the evidence made it critically important for the defendant to establish, if he could do so, an innocent explanation for the presence of the fingerprint, and this the defendant undertook to do in his trial testimony. At the end of the People's case, the defendant moved pursuant to *People v Sandoval* (34 NY2d 371), for a court order limiting the prosecutor's cross-examination of defendant with regard to defendant's previous convictions. The record discloses some 22 previous convictions, some of them, including two felony convictions, occurring more than 10

years before the trial. Defendant's convictions for the most part had been for larceny, burglary and possession of stolen property. Concluding that the jury was "entitled to have the whole background", the trial court summarily denied in its entirety the defendant's *Sandoval* motion. This ruling was erroneous in two separate respects. First, it is apparent that the trial court failed to discharge its obligation to exercise its discretionary power in striking a balance "between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant" (*People v Sandoval, supra,* at p 375; *People v Mayrant,* 43 NY2d 236, 239, 240; *People v Davis,* 44 NY2d 269, 275; *People v Williams,* 56 NY2d 236, 239, 240). As was said in *People v Davis* (*supra,* at p 275), the trial court apparently "gave no thought to the possibility of limiting multiple convictions as an available means to lessen the likelihood that inferences of propensity might outbalance the need to expose lack of veracity." Second, even if the ruling challenged had reflected an effort to exercise the discretionary power to balance the relevant factors, it would be apparent that the determination was in any event an improvident exercise of discretion. Inevitably the denial in its entirety of the *Sandoval* motion made it realistically likely that the jury would have been improperly influenced by considerations of the defendant's propensity to commit the crime with which he was charged. This was wholly unnecessary to protect the People's right to elicit information appropriately bearing on the defendant's credibility, which could have been adequately accomplished by permitting cross-examination with regard to a relatively small number of the previous convictions. (See *People v Davis, supra;* cf. *People v Williams, supra.*) The hearing court appears to have been influenced in its *Sandoval* ruling by a misunderstanding of *People v Rahman* (46 NY2d 883, affg 62 AD2d 968). It is clear that *Rahman,* in which the trial court in fact exercised its discretionary obligation to balance competing factors, was not intended to modify the well-established and since restated rule that the similarity of the offense underlying a previous conviction to that for which the defendant is on trial is a relevant factor to consider in the mandated weighing process. (See *People v Sandoval, supra,* at p 377; *People v Williams,* 56 NY2d 236, 239, *supra.*) In *People v Williams* (*supra,* at p 239), the Court of Appeals said pertinently: "Although the list is by no means exhaustive, among the factors that may bear upon the court's decision whether to permit use of a prior conviction are the period of time since the conviction, the degree to which it bears on a defendant's veracity and credibility, and the extent to which any similarity between the prior conviction and the crime charged may 'be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility'". As this court previously observed in *People v Hicks* (88 AD2d 519), where a defendant's previous convictions primarily were for crimes similar to that for which he is on trial, an appropriate option for the hearing court to consider is to limit the cross-examination to the fact that the defendant had been previously convicted of crimes, omitting the character or nature of the previous convictions. As also observed in *People v Hicks,* where the number of the previous convictions is likely to invite the jury to infer a propensity to commit crimes even where the nature of the convictions is omitted, the preferable approach would be to limit the number of convictions that might properly be elicited. The record discloses that the prosecutor took extensive advantage of the latitude extended to him by the erroneous *Sandoval* ruling. Indeed, the error implicit in that ruling was aggravated when the District Attorney was permitted to inquire into the details of a burglary allegedly committed by the defendant which was close in time and location to

that for which he was on trial. Notwithstanding the undoubted strength of the case against the defendant, we are not persuaded that the erroneous *Sandoval* ruling was harmless error (cf. *People v Williams, supra*). Concur — Murphy, P. J., Sandler, Carro and Lynch, JJ.

Kupferman, J., concurs in a memorandum as follows: It should be pointed out that the defendant was also convicted of burglary in the third degree and criminal possession of stolen property in the first degree and sentenced to 3 to 6 years, in a companion case, which conviction we are affirming. (See *People v Coe*, 95 AD2d 984.)