Chief Judge Cooke and Wachtler and Simons, JJ.
(concurring). We agree with the majority that the trial court failed to exercise its discretion and therefore the matter must be remitted for a new trial (People v Williams, 56 NY2d 236). However, we cannot join the majority in that portion of its opinion in which it attempts to determine what the trial court “might” have done had it exercised discretion. That is unnecessary and would practically direct the discretion which the trial court should be free to exercise for itself at the new trial. In addition, the hypothetical discussion focuses only on those factors favoring admission of the expert’s opinion. A review of the record shows that there were competing factors which might have justified the court to limit the expert’s testimony in the exercise of discretion if the court had, in fact, exercised discretion.
An expert’s opinion is only as sound as the facts upon which it is based and there is some question as to whether this defendant established a sufficient foundation to support the doctor’s testimony. The only evidence of the quantities of drugs and alcohol consumed by the defendant came from the testimony of codefendant Carl Silva, who had previously pleaded guilty. Silva admitted that he was *435 intoxicated that night and he testified that he could not recall who the other youths with them were or how much alcohol and Valium he had consumed during the evening.
In short had the court exercised discretion it might just as correctly be said that it did not abuse its discretion as a matter of law by limiting the expert to general testimony about the properties of the substances consumed and their probable effect on defendant when the only facts submitted to support the expert’s opinion were found in the testimony of a codefendant who was too drunk to remember what he had had to drink the same night.
Judges Jasen, Jones and Meyer concur with Judge Kaye; Chief Judge Cooke and Judges Wachtler and Simons concur in result in a memorandum.
Order reverséd, etc.