■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. COOKE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 10, 1982, upon a verdict convicting defendant of two counts of the crime of sodomy in the first degree. ¶ Defendant's convictions were based upon evidence of two incidents which were described by complainant, a 25-year-old male who was well acquainted with defendant. In fact, defendant had a key to the apartment shared by complainant and a male friend. Both incidents occurred at complainant's apartment, the first in June, 1982 and the second in August, 1982. The first incident took place in complainant's bedroom while his roommate was elsewhere in the apartment. The August incident took place in the roommate's bedroom while a number of other people were in the apartment. The first incident was not reported to the police until after the occurrence of the second incident, when both were reported. ¶ Complainant testified that, on the occasion of the first incident, defendant came into his bedroom and told him to take his clothes off or he would be hurt. Defendant left the room but complainant did not take off his clothes. Defendant returned to the room and again instructed complainant to take his clothes off. Once again defendant left the room and, when he returned, complainant had still not removed his clothes. Complainant testified that defendant pushed him onto the bed, and complainant then took his clothes off. At that time he was subjected to anal sodomy. ¶ The second incident also took place in complainant's apartment when he was instructed to go into his roommate's bedroom. In the bedroom, defendant demanded that complainant engage in oral sex and gained his will by striking complainant twice with his fist. The medical evidence resulted from complainant's visit to a hospital three or four hours after the second incident. The doctor testified to an abrasion on complainant's right cheek and a tender spot on his chest. A trace of seminal fluid was found in his saliva. ¶ Following an adverse decision at a *Sandoval* hearing, defendant did not testify. His defense was based primarily upon a lack of forcible compulsion. He was convicted of two counts of first degree sodomy and given consecutive 12½ to 25-year sentences on each count. ¶ On appeal, defendant contends that the trial court's *Sandoval* determination deprived him of a fair trial. At that hearing, it was revealed that in 1973, some nine years prior to the trial herein, defendant was convicted of petit larceny and criminal trespass. It was also revealed that in 1978, defendant was convicted of rape. The trial court determined that the petit larceny conviction was remote but could still be the subject of cross-examination in view of the 1978 rape conviction. The trial court's reasoning was that the first conviction demonstrated defendant's determination to further his self-interest over that of society and that the 1978 conviction demonstrated that his attitude had not changed. This reasoning has been rejected, with courts holding: "That there were other subsequent convictions which could be used on cross-examination

did not revive the * * * prior, stale convictions, nor could the prosecutor properly impeach defendant's credibility by resort to convictions which were so remote in time (see *People v Pippin,* 67 AD2d 413)." (*People v Ellis,* 94 AD2d 652.) ¶ Of a much more serious nature was the trial court's determination that the People could cross-examine defendant on the 1978 rape conviction. The allowable purpose for permitting the cross-examination of a defendant taking the stand concerning past convictions of crime is to impeach the credibility of the witness. The possibility that the cross-examination would go beyond the issue of credibility and influence the jury to find a defendant guilty of the instant crime because of his commission of a prior similar crime was recognized by the court in *People v Sandoval* (34 NY2d 371). In making the determination, two questions must be asked: "Will the testimony to be elicited in cross-examination have a disproportionate and improper impact on the triers of fact? Will the apprehension of its introduction undesirably deter the defendant from taking the stand and thereby deny the jury or court significant material evidence?" (*Id.,* at p 376.) ¶ The only witness who could have disputed the testimony of complainant would have been defendant. The major issue was whether the acts of deviate sexual intercourse resulted from forcible compulsion. The evidence clearly indicates that the first incident took place in an apartment which was then occupied by one other person. It was also an apartment in which complainant was a cotenant. The fact that complainant had ample opportunity to escape from his bedroom arouses a considerable amount of curiosity. By the same token, there was no explanation as to why complainant, who testified as to forcible compulsion during the first incident, would voluntarily go into a bedroom with defendant on a second incident. Neither was there any testimony on the part of complainant of his taking any precautionary measures to provide for his protection, either at the time of the threats or during the interval between the two events. ¶ We cannot say that defendant would not have taken the stand had the *Sandoval* determination been made in his favor. The ruling of the trial court created a grave risk of prejudice if he had decided to testify. The 1978 conviction of rape was so similar to the crime for which he stood trial that evidence of that crime would have had an improper impact on the triers of fact. Both required forcible compulsion and both were of a sexual nature, even though one was directed toward a woman and the other toward a man. It would have satisfied the purpose of credibility had the trial court used the *"Sandoval* compromise", which would have permitted introduction of the conviction of a serious felony into evidence without disclosing the nature of the felony (*People v Handly,* 96 AD2d 649; *People v Wood,* 94 AD2d 814; *People v Hicks,* 88 AD2d 519). We believe that the trial court's *Sandoval* ruling was an abuse of discretion, under the circumstances of this case, and, therefore, we must reverse the judgment of conviction and remit the case for a new trial. Having so decided, we do not address the remaining issues. ¶ Judgment reversed, on the law, and matter remitted to County Court of Albany County for a new trial. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.