■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE PEREZ, Appellant. — Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), rendered April 29, 1982, convicting defendant of attempted murder in the second degree, robbery in the first degree and robbery in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 5 to 15 years on each count, reversed, on the law and the facts, and a new trial ordered. ¶ Since the pivotal issue of identification,

although sufficient for presentation to the jury, was not free from doubt, errors otherwise harmless may have improperly influenced the jury and prejudiced defendant. ¶ On December 13, 1980, Douroudakis, with his employee Williams, was about to close his grocery store when two men walked in. Within three or four seconds one of them shot Douroudakis in the face, the victim falling to the floor on his face. Williams could not make a positive in-court identification of the defendant as the shooter. He and Douroudakis gave contrary descriptions to the police, one saying the shooter was the darker skinned and taller of the two and the other saying the opposite. Defendant was arrested as the shooter four months later when his photograph was selected by Douroudakis and Williams from a photograph array after defendant had been arrested on an unrelated charge. Defendant's wife testified that at the time of the robbery she and her husband had been at a movie and named the pictures they had seen. The running of these pictures at that time was confirmed by the theatre manager. ¶ The court's *Sandoval* ruling made no effort to discharge the obligation to strike a balance between the prosecutor's right to impeach defendant's credibility and the danger of establishing in the minds of the jury a propensity of the defendant to commit the crimes charged. The ruling permitted, should defendant take the stand, questioning about his entire criminal background including the facts of each conviction of three separate gunpoint store robberies. Such an indiscriminate denial of a *Sandoval* motion is reversible error (see *People v Coe*, 95 AD2d 685). Full use of the three store robbery convictions would surely have influenced the jury on this close identification issue and must surely have influenced defendant's decision not to take the stand. Thus he was improperly deprived of an opportunity to have the jury assess his own credibility in support of his own alibi. ¶ The court also erred in overruling defendant's objection to the prosecutor's statement on summation that Douroudakis had observed defendant for 10 to 15 seconds prior to the shooting, not 3 to 4 seconds, which is the only testimony in the record. Permitting this statement without correction was prejudicial because it planted a suggestion that there was ample time, and not just an instant, for Douroudakis to have identified defendant. Given the close identification issue we also find prejudicial the prosecutor's statements: that Douroudakis could never forget the face he was going to take to his grave; that Douroudakis had no reason to lie when that was never suggested by the defense which only claimed that Douroudakis was mistaken; that the jury would have to throw out their common sense in order to acquit. Concur — Sullivan, Carro and Lynch, JJ.

Kupferman, J. P., and Asch, J., dissent in a memorandum by Kupferman, J. P., as follows: I would affirm. The store owner saw the person who shot him in the face. ¶ As Samuel Johnson said, "When a man knows he is to be hanged * * * it concentrates his mind wonderfully." I would think the same could be said for being shot in the face. The differences in the testimony of the two victim witnesses were insignificant. The theatre manager testified that the defendant and his wife frequented the theatre, but he had no knowledge of whether they saw this specific show. The defense being alibi, the testimony of the wife that she and the defendant were at the movies covered the point. While harmless error "does not involve speculation as to whether a defendant would have testified if the legal error had not occurred" (*People v Williams*, 56 NY2d 236, 240), the point to be made on alibi was made. ¶ The only real issue on this appeal is whether the *Sandoval* ruling was erroneous in proposing to allow the facts of three separate gunpoint store robberies in which this defendant was involved to be used. This rests in the sound discretion of the Trial Judge. ¶ The court gave serious attention to the question of what could be used on cross-examination. As our court has previously stated, "At the

outset it is observed that the fact that a defendant may specialize in one type of illegal activity, for example, drugs, does not *ipso facto* shield such defendant from having prior convictions used to impeach his credibility. To hold otherwise defies common sense and, in effect, serves to make the criminal specialist a member of a chosen class, free from the burden of having his credibility impeached for prior convictions relating to his specialized field of endeavor — a result not envisioned under *Sandoval*." (*People v Rahman,* 62 AD2d 968, affd 46 NY2d 882.)