■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. NOONAN, Appellant. [632 NYS2d 675] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Harris, J.),

rendered July 20, 1993 in Albany County, upon a verdict convicting defendant of the crime of driving while ability impaired.

On November 18, 1992, at approximately 11:40 P.M. in the Town of Guilderland, Albany County, Guilderland Police Officer Timothy Adamczak stopped defendant's automobile after observing defendant driving without a seat belt. When he approached the car, Adamczak smelled alcohol so he asked defendant to exit the vehicle. Adamczak noticed that defendant was unsteady on his feet and had a reddened complexion. He informed defendant that he had been stopped for a seat belt violation and asked if he had had anything to drink that night. Defendant responded that he had a couple of beers. Defendant was administered two field sobriety tests, one of which he failed. When he also failed an alcosensor test, defendant was arrested. Defendant was placed in the patrol car and read both his *Miranda* and driving while intoxicated warnings. A breathalyzer test administered to defendant approximately 35 minutes later revealed a blood alcohol content of .11%.

Defendant was subsequently indicted on two felony counts of operating a motor vehicle while intoxicated.* Defendant's motion to suppress evidence of his intoxication and his oral statements to Adamczak was denied after a suppression hearing. Following a jury trial, defendant was found not guilty of the two felony charges but convicted of the lesser included offense of driving with ability impaired. Supreme Court sentenced defendant, a predicate offender (*see*, Vehicle and Traffic Law § 1193 [1] [a]), to 90 days in jail and a fine of $750. Defendant appeals.

We find no merit to defendant's contentions that the results of his sobriety tests and his statements to Adamczak should have been suppressed as the result of an impermissible stop. Adamczak's observations of defendant's seat belt violation (*see*, Vehicle and Traffic Law § 1229-c [3]) justified the initial stop of defendant's motor vehicle (*see*, *People v Banks*, 85 NY2d 558, 562, *cert denied* — US —, 116 S Ct 187; *People v Lamanda*, 205 AD2d 934, *lv denied* 84 NY2d 828). Adamczak's additional observations of defendant's physical condition justified defendant's further detention for the limited purpose of investigating whether he was operating his motor vehicle while

---

* Count one charged a violation of Vehicle and Traffic Law § 1192 (2), operating a motor vehicle while having .10% or more of alcohol in the blood. Count two charged a violation of Vehicle and Traffic Law § 1192 (3), operating a motor vehicle while intoxicated.

under the influence of alcohol (*see, People v Hanna*, 185 AD2d 482, *lv denied* 80 NY2d 930; *People v Mathis*, 136 AD2d 746, 747-748, *lv denied* 71 NY2d 899). Adamczak's inquiry as to whether defendant had been drinking was part of that investigation and was not custodial in nature (*see, People v Totman*, 208 AD2d 970, 971; *People v Hanna, supra*). Because the scope of defendant's continued detention was reasonable in relation to the circumstances which justified it, the detention was permissible (*see, People v Banks, supra*). Furthermore, the question of whether Adamczak's vision was obstructed by frost on defendant's windows presented an issue of credibility. The resolution of this issue will not be disturbed where, as here, the determination finds support in the record (*see, People v Mena-Cross*, 210 AD2d 745, 746; *People v Bell*, 206 AD2d 686, 687, *lv denied* 84 NY2d 866).

Defendant's contention that Supreme Court erred in its *Sandoval* ruling (*see, People v Sandoval*, 34 NY2d 371) lacks merit. By invoking the " '*Sandoval* compromise' " (*see, People v Cooke*, 101 AD2d 983, 984) permitting the People to cross-examine defendant as to the existence, but not the nature or underlying circumstances, of two 1984 misdemeanor convictions and one 1986 felony conviction for driving while intoxicated and by permitting inquiry into defendant's 1992 misdemeanor conviction for loitering (*see,* Penal Law § 240.36), Supreme Court properly exercised its discretion. Supreme Court struck an appropriate balance between the probative value of defendant's prior convictions on the issue of his credibility against the risk of unfair prejudice (*see, People v Williams*, 56 NY2d 236, 238-239; *People v Sandoval, supra*, at 375).

As for defendant's contentions that he was denied a fair trial by the frequency of objections sustained by Supreme Court and the cumulative effect of its adverse rulings, based upon our review of the record, we find that the court did not exceed the proper bounds of its supervisory role during the trial (*see, People v Tunstall*, 197 AD2d 791, 792, *lv denied* 83 NY2d 811).

We have considered defendant's remaining contentions and find either that they have been rendered moot by defendant's acquittal on the two felony charges or lack merit.

Mercure, Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court, Albany County for further proceedings pursuant to CPL 460.50 (5).