■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEMEL VINSON, Appellant. [668 NYS2d 92] —Appeal by the defendant from a judgment of the County Court, Nassau County (Gulotta, J.), rendered December 1, 1995, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly allowed the People to inquire into a prior conviction that was similar to the instant offense is without merit. The similarity of crimes does not automatically preclude the use of a prior conviction to impeach the defendant should he testify (*see, People v Pender,* 221 AD2d 573). Theft-related crimes have a very material relevance on the issue of credibility because they show the defendant's inclination to place his own interests above those of society (*see, People v Sandoval,* 34 NY2d 371, 376-377; *People v Brennon,* 239 AD2d 428; *People v Jamison,* 228 AD2d 698).

The defendant's challenge to the legal sufficiency of the People's case is unpreserved for appellate review and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d

620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The defendant's sentence is not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.