■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BRACE, Appellant. [687 NYS2d 195] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Lamont, J.), rendered May 24, 1996, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal possession of stolen property in the fifth degree and petit larceny.

On September 7, 1995, Michael Rydberg discovered that a

burglar had gained entry into his apartment in the City of Albany and stole his stereo equipment and his Fender Stratocaster electric guitar. On the same day, defendant and Daniel Fisher went to Drome Sound, an Albany music store dealing in used instruments, to sell defendant's guitar. Although defendant carried the instrument into the store and negotiated the sale, because defendant denied having any identification with him the Drome Sound manager dealt with Fisher. Ultimately, following the discovery that the instrument had been stolen from Rydberg and based upon identification that Fisher had furnished to Drome Sound, the police were able to locate Fisher, who in turn led them to defendant. Defendant was indicted for burglary in the second degree, criminal possession of stolen property in the fifth degree and petit larceny. The action came on for trial and defendant was convicted of all three counts. Sentenced to a prison term of 4 to 12 years, defendant appeals.

We affirm. We are unpersuaded by defendant's contention that County Court abused its discretion in its *Sandoval* ruling. At the time of the *Sandoval* inquiry, defendant's criminal history (as relevant to this appeal) consisted of two convictions of criminal possession of stolen property and two convictions of petit larceny; all of those convictions were highly probative on the issue of defendant's veracity (*see, People v Vinson*, 247 AD2d 495, *lv denied* 92 NY2d 862; *People v Redcross*, 246 AD2d 838, 840, *lv denied* 92 NY2d 859), but were also similar to the crimes charged in the current indictment (*see, People v Bennette*, 56 NY2d 142, 147). In our view, County Court struck a reasonable balance between the probative worth of the evidence and the risk of unfair prejudice by permitting the People to inquire concerning a May 9, 1990 conviction of criminal possession of stolen property in the fifth degree, a March 30, 1990 conviction of an unidentified misdemeanor and an April 18, 1994 conviction of petit larceny, with no mention of the underlying facts or resulting disposition (*see, People v Williams*, 56 NY2d 236, 238-239).

Defendant's remaining contentions were not preserved for appellate review by an appropriate protest at a time when the alleged error could have been rectified (*see*, CPL 470.05 [2]) and are found to lack merit in any event. The discovery during the course of the trial that one of the jurors was acquainted with a police officer who had a secondary role in the investigation of the subject crimes did not raise a legitimate issue as to whether the juror was "grossly unqualified" (CPL 270.35 [1]; *see, People v Buford*, 69 NY2d 290, 299). Further, County

Court's charge concerning the voluntariness of defendant's statement, Fisher's status as an accomplice and defendant's possession of stolen property was proper and did not deny defendant a fair trial.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.