(February 24, 2000)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL LONG, Appellant. [703 NYS2d 316] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 25, 1998, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the first degree and unlawful imprisonment in the first degree.

Commencing in October 1996, defendant and others sold crack cocaine from a house at 22 Virgil Street in the City of Binghamton, Broome County. Jason Pierce was a regular customer but also engaged in selling fake cocaine. On January 4, 1997, after receiving complaints concerning the fake cocaine from customers who thought that Pierce was associated with them, defendant and William Vargas invited Pierce into the premises at 22 Virgil Street. Once inside, defendant and Vargas bound and gagged Pierce and placed him in a closet, periodically beating him with a broomstick and shocking him with a battery-operated device. Pierce managed to free himself, but upon exiting the closet he encountered defendant, known to him as "Tough Russ", and in the ensuing fight Pierce was stabbed several times by defendant with a knife. At one point another occupant of the house told defendant to kill Pierce. Pierce eventually escaped by fending off defendant and Vargas with a piece of glass from a broken window. Pierce ran to a friend's house across the street and was taken by ambulance to the hospital where he was treated for his wounds.

Defendant was subsequently indicted for attempted murder in the second degree, assault in the first degree and unlawful imprisonment in the first degree. Following a jury trial he was convicted on all counts and sentenced to concurrent terms of imprisonment of 10 to 20 years for the attempted murder and assault charges and 2⅓ to 7 years for the unlawful imprison-

ment charge. Defendant has appealed from the judgment of conviction.

Of the numerous arguments advanced by defendant for reversal only three merit discussion. The first of these is that County Court improperly ruled that the People could cross-examine him, should he testify, with evidence of his prior convictions for criminal mischief in the fourth degree and criminal possession of a weapon in the second degree, including the facts underlying these convictions. A criminal defendant who testifies may be cross-examined concerning prior criminal acts that bear logically on his or her credibility (*see, People v Sandoval*, 34 NY2d 371, 374). Whether and to what extent these prior convictions may be used on cross-examination is a matter which rests in the sound discretion of the trial court after appropriately balancing the probative worth of the evidence as it relates to the defendant's credibility against the risk of unfair prejudice to the defendant, including whether it would discourage him from testifying (*see, People v Brace*, 259 AD2d 782, 783, *lv denied* 93 NY2d 1014; *People v Mangan*, 258 AD2d 819, 820, *lv denied* 93 NY2d 927). In making the *Sandoval* rulings, County Court determined that defendant, if he testified, would testify concerning an alibi defense, i.e., that he was in Brooklyn at the time of the commission of the crimes with which he was charged. County Court correctly held, therefore, that the prior conviction for criminal mischief in the fourth degree, since it involved a larceny, directly affected defendant's credibility since it disclosed his dishonesty.

We are of the view, however, that County Court abused its discretion with respect to its ruling permitting the People to cross-examine defendant, if he testified, concerning the facts underlying his conviction for criminal possession of a weapon. While we note that County Court attempted to balance the *Sandoval* factors by recognizing the highly prejudicial nature of this conviction, as against it showing defendant's willingness to put his own self-interest above others, that it was a relatively recent conviction (*see, People v Young*, 249 AD2d 576, 580, *lv denied* 92 NY2d 908), and by ruling that the People would not be permitted to present evidence of the original charges against defendant and the sentence he received (*see, People v Walker*, 83 NY2d 455; *People v Hicks*, 88 AD2d 519), we conclude that County Court's determination that this conviction, despite its prejudice, was highly probative on the issue of defendant's credibility was error. This conviction apparently stemmed from an incident in which defendant shot someone whom he suspected had beaten his dog.

Since this conviction involved essentially assaultive behavior, similar, although not identical, to the crimes with which defendant was charged, County Court should have employed a *"Sandoval* compromise" (*see, People v Cooke*, 101 AD2d 983, 984) permitting introduction of the conviction without disclosing the underlying facts (*see, People v Noonan*, 220 AD2d 811, 813). Nevertheless, we conclude that the error should not result in a reversal since it did not prevent defendant from receiving a fair trial since defendant established his alibi defense through other witnesses so that the jury was not prevented from hearing critical testimony from defendant's perspective (*cf., People v Williams*, 56 NY2d 236, 241). Moreover, the evidence of defendant's guilt was otherwise overwhelming.

Defendant's second contention is that County Court erred by admitting evidence of his involvement in the selling of cocaine despite the fact that he was not charged with this crime. Such evidence of uncharged criminal conduct would be inadmissible if it was being used "solely to raise an inference of a defendant's propensity to commit the crime charged, [however] to the extent that the evidence serves another legitimate purpose, such as establishing a defendant's identity or supplying background information to establish or explain some material fact, its admission is not precluded" (*People v Graves*, 194 AD2d 925, 926, *lv denied* 82 NY2d 719; *see, People v Ventimiglia*, 52 NY2d 350, 359). Here, the evidence was presented to establish a factual context and connection between defendant and Pierce and provide a motive for defendant's attack on Pierce, and was therefore properly admitted into evidence.

Defendant further contends that County Court should not have dismissed the only black on the jury panel who was excused by way of the People exercising a peremptory challenge. "[T]he Equal Protection Clause of the Fourteenth Amendment prohibits the peremptory challenge of prospective jurors based on their race" (*People v Payne*, 88 NY2d 172, 181, citing *Batson v Kentucky*, 476 US 79, 88). To successfully attack the exercise of such a peremptory challenge, defendant must demonstrate that the facts surrounding the exercise of that challenge raise an inference that it was exercised solely to remove jurors because of their race. Once a prima facie showing has been made, the burden shifts to the prosecution to come forward with a race-neutral explanation (*see, People v Childress*, 81 NY2d 263, 266). Here, defendant failed to make the required prima facie case, asserting only in a conclusory fashion that the People sought to remove a black juror simply because defendant was black. The burden therefore did not

shift to the People to come forward with a race-neutral explanation.

We have examined the balance of defendant's contentions and find that they were either not preserved for our review or are lacking in merit.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.