■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCIVAL F. HAYES, Appellant. [717 NYS2d 727] —Crew III, J. P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered April 26, 1999, upon a verdict convicting defendant of the crimes of rape in the first degree, coercion in the first degree, burglary in the second degree and unlawful imprisonment in the second degree.

On October 10, 1998, defendant concededly had sexual intercourse with the complainant at the Victorian Motel in the Village of Fort Edward, Washington County. As a consequence,

defendant was indicted and charged with rape in the first degree, coercion in the first degree, burglary in the second degree, assault in the third degree and unlawful imprisonment in the second degree. Following an adverse decision at a *Sandoval* hearing a jury trial ensued, at which defendant did not testify. His sole defense was lack of forcible compulsion. At the conclusion of the trial, defendant was found guilty of all charges except assault in the third degree, and was thereafter sentenced as a persistent violent felony offender to, *inter alia*, an indeterminate term of imprisonment of 25 years to life. Defendant now appeals.

At defendant's *Sandoval* hearing, County Court determined that defendant, if he took the stand, could be cross-examined on his prior convictions for assault in the third degree, sexual abuse in the first degree, aggravated criminal sexual assault and aggravated kidnapping, the latter stemming from a 1988 conviction in Illinois. While County Court directed that the People would not be permitted to inquire into the underlying facts of these convictions, it made clear that the nature of the convictions could be revealed. Defendant contends that such ruling was reversible error. We agree.

It is axiomatic that it is the duty of a trial court to strike a balance between the probative value that prior criminal convictions may have upon the credibility of a defendant and the risk of unfair prejudice that those convictions may present (*see, People v Sandoval*, 34 NY2d 371, 375). While we recognize that there are cases standing for the proposition that the mere similarity of a prior conviction to the charge for which a defendant stands trial does not automatically preclude inquiry, the prevailing case law provides that striking a balance between the probative value that a similar conviction will have upon the credibility of a defendant and the risk of unfair prejudice requires that the trial court permit cross-examination as to the existence of *a* prior conviction, but not the nature of the conviction or the underlying circumstances thereof (*see, e.g., People v Stiffler*, 237 AD2d 753, 754, *lv denied* 90 NY2d 864; *People v Noonan*, 220 AD2d 811, 813). Indeed, in both *People v Stiffler* (*supra*) and *People v Noonan* (*supra*), the People were permitted to demonstrate that the defendant previously had been convicted of a felony and misdemeanor, respectively, without allowing the People to prove that those convictions involved driving while intoxicated, for which each defendant was on trial.

In *People v Cooke* (101 AD2d 983), a case strikingly similar to the case at bar, the defendant's primary defense was lack of

forcible compulsion. Following a *Sandoval* hearing, County Court permitted cross-examination of a prior rape conviction, as the result of which defendant did not take the stand in his own defense and ultimately was convicted. This Court reversed and ordered a new trial, observing that "[i]t would have satisfied the purpose of credibility had the trial court used the '*Sandoval* compromise', which would have permitted introduction of the conviction of a serious felony into evidence without disclosing the nature of the felony" (*id.*, at 984). As in *Cooke*, we are of the view that County Court's *Sandoval* ruling was an abuse of discretion under the circumstances of this case, inasmuch as the only witness who could have disputed the testimony of complainant on the question of forcible compulsion was defendant. Given our holding, we find it unnecessary to address the other issues raised by defendant.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for a new trial.