(April 19, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZONTELL GORDON, Also Known as TALAAL THOMAS, Also Known as TY, Appellant. [725 NYS2d 423] —Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 2, 1997 in Albany County, upon a verdict convicting defendant of the crimes of murder in the second degree and attempted robbery in the first degree.

As a result of an attempted robbery of a taxicab and the fatal shooting of its driver, defendant was indicted and charged with murder in the second degree and attempted robbery in the first degree. At the conclusion of the trial, defendant was found guilty of both charges and was thereafter sentenced to concurrent indeterminate terms of imprisonment of 7½ to 15 years on the attempted robbery conviction and 25 years to life on the murder conviction. Defendant now appeals.

At defendant's *Sandoval* hearing, Supreme Court determined that defendant, if he took the stand, could be cross-examined regarding two prior convictions for attempted robbery in the second degree and robbery in the first degree. The acts underlying the attempted robbery conviction were three separate incidents of stealing property, one involving the display of a gun at a grocery store on a single evening in October 1991. The

acts underlying the robbery conviction involved the display of a gun in the course of a subsequent theft of money from a fast food restaurant. Supreme Court permitted the People to inquire about the attempted robbery conviction itself, but limited the underlying facts to the first two instances when defendant entered the grocery store and did not permit inquiry about the display of a gun in the third incident. As to the second conviction, Supreme Court ruled that the People could ask defendant if he had been convicted of an additional felony without revealing the precise crime or its underlying facts. Defendant contends that this ruling was reversible error. We disagree.

"Whether and to what extent * * * prior convictions may be used on cross-examination is a matter which rests in the sound discretion of the trial court after appropriately balancing the probative worth of the evidence as it relates to the defendant's credibility against the risk of unfair prejudice to the defendant, including whether it would discourage him from testifying" (*People v Long*, 269 AD2d 694, 695, *lv denied* 94 NY2d 950 [citations omitted]). Here, defendant's prior convictions involved crimes of individual dishonesty that are highly probative on the issue of his credibility (*see, People v Conway*, 274 AD2d 663, 665; *People v Moore*, 82 AD2d 972). Despite the similarity of those convictions to the crimes charged, Supreme Court struck a reasonable balance between the probative worth of the evidence and the risk of unfair prejudice by limiting inquiry concerning the attempted robbery conviction, so that display of a weapon was not to be mentioned, and by excluding all inquiry concerning the facts underlying the later armed robbery conviction (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Brace*, 259 AD2d 782, 783, *lv denied* 93 NY2d 1014). Our recent decision in *People v Hayes* (278 AD2d 592, 593-594) does not mandate a different result because that ruling addressed the specific circumstances of that case and did not establish a per se rule requiring preclusion whenever the prior crimes are similar to, or even the same as, those charged in a later prosecution (*see, People v Walker, supra*; *People v Pavao*, 59 NY2d 282, 292). Thus, the court's ruling was a proper exercise of discretion.

Defendant's remaining contentions require little discussion. On the record presented, we conclude that County Court (Rosen, J.) did not err in denying defendant's earlier motion to suppress his written statement because the presumption contained in Penal Law § 265.15 (3), that all persons in a motor vehicle are in possession of a firearm that is not actually

upon the person of one of the occupants therein, provided probable cause for defendant's arrest (*see, People v Miller*, 237 AD2d 535, 536, *lv denied* 90 NY2d 909; *see also, People v Millan*, 69 NY2d 514). In addition, his statement was thereafter given following a knowing and voluntary waiver of his *Miranda* rights. We are also unpersuaded by defendant's contention that Supreme Court erred in allowing testimony about statements made by a codefendant in violation of the *Bruton* rule (*Bruton v United States*, 391 US 123, 136). A review of the testimony at trial reveals that the prosecution abided by Supreme Court's ruling that inquiry could be made as to whether the officer had spoken with and obtained a statement from the codefendant, but not as to anything that was said.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.