■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCIVAL F. HAYES, Appellant. [744 NYS2d 530] —Crew III, J.P.

Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered April 26, 1999, upon a verdict convicting defendant of the crimes of rape in the first degree, coercion in the first degree, burglary in the second degree and unlawful imprisonment in the second degree.

Defendant was convicted after trial of rape, coercion, burglary and unlawful imprisonment, all stemming from an incident that occurred at the Victorian Motel in the Village of Fort Edward, Washington County. Defendant thereafter moved to set aside the verdict pursuant to CPL 330.30 alleging, inter alia, discovery of new evidence. That motion was denied and defendant was sentenced as a persistent violent felony offender to, inter alia, an indeterminate term of imprisonment of 25 years to life. Defendant subsequently appealed his conviction and we reversed, finding that County Court abused its discretion in its *Sandoval* ruling (278 AD2d 592). Having thus concluded, we found it unnecessary to reach the other issues raised on the appeal (*id.* at 594). Thereafter, the Court of Appeals reversed (97 NY2d 203) and the matter is now before us upon remittal to address defendant's remaining contentions.

Initially, defendant contends that County Court erred in denying his CPL 330.30 motion for a new trial based upon newly discovered evidence. We disagree. In order to prevail on such a motion, it must appear, inter alia, that the newly discovered evidence is of such a nature that a different verdict probably would occur and, further, such proof must not be cumulative or merely impeaching or contradicting of the trial evidence (*see, People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950). Vacatur of a judgment on this ground is a purely statutory remedy, granted solely in the discretion of the trial court (*see, People v Latella*, 112 AD2d 321). Here, the proffered evidence does not create the probability of a different result if a new trial were granted and clearly constitutes evidence contradictory to certain of the trial evidence, thus tending to impeach the testimony of a trial witness. In the context of the record before us, we cannot say that County Court abused its discretion in denying defendant's motion.

Defendant next contends that County Court erred in sentencing him as a persistent violent felony offender because the Illinois conviction of aggravated criminal sexual assault upon which the People relied does not constitute a violent felony in New York. Again, we disagree. Specifically, defendant contends that the "force or threat of force" needed to establish aggravated criminal sexual assault in Illinois is not equivalent to New York's "forcible compulsion" element. In Illinois, "force or threat of force" is defined as

"the use of force or violence, or the threat of force or violence, including but not limited to the following situations:

"(1) when the accused threatens to use force or violence on the victim or on any other person, and the victim under the circumstances reasonably believed that the accused had the ability to execute that threat" (720 Ill Comp Stat § 5/12-12 [d]). Defendant contends that the use of the phrase "including but not limited to" qualifies the definition, thus permitting a threat to *property* to satisfy the "threat of force" element of the Illinois statute, which indeed would not constitute forcible compulsion in New York. We do not read the statute that broadly and have found no Illinois case law to support such contention. We have considered defendant's remaining contentions and find them equally unavailing.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.