*825
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was involved in an automobile accident which resulted in the death of an occupant of one of the other vehicles. He was convicted of manslaughter in the second degree, vehicular manslaughter, criminally negligent homicide, driving while under the influence of alcohol, and other charges in connection with the accidents. The Appellate Division reversed defendant’s conviction on the law and ordered a new trial.
 

 We agree with the Appellate Division that the trial court erred in admitting evidence, over defendant’s objection, that he was arrested "based on the results” of an Aleo-Sensor test. The stated purpose of this proof was to permit the prosecution to establish that the arresting officer had "reasonable grounds” to give defendant a breathalyzer test
 
 (see,
 
 Vehicle and Traffic Law § 1194 [1] [1]). The evidence should have been excluded as irrelevant since reasonable cause is not an element of the crime charged
 
 (see,
 
 Vehicle and Traffic Law § 1192 [2]) and defendant, at no time, raised an issue with regard to the existence of reasonable cause to give the breathalyzer test.
 

 The trial court excluded as irrelevant defendant’s proof of subsequent design modifications to his automobile offered in support of his defense that the accident was caused, not by his drinking, but by defects in his motor vehicle. We agree with the Appellate Division that such evidence should have been permitted. We reject the People’s argument that such evidence was inadmissible under the rule stated in
 
 Cover v Cohen
 
 (61 NY2d 261) and
 
 Caprara v Chrysler
 
 Corp. (52 NY2d 114). Evidence of postaccident design changes is irrelevant in strict liability or negligence cases when offered to prove negligent design
 
 (see, Cover v Cohen, supra,
 
 at 270;
 
 Rainbow v Elia Bldg. Co.,
 
 79 AD2d 287, 292 [Simons, J.],
 
 affd on opn below
 
 56 NY2d 550;
 
 cf., Caprara v Chrysler Corp., supra,
 
 at 122-126). Here, however, the conduct of the manufacturer or seller in designing the vehicle was not at issue. Rather, consistent with his explanation at the scene of the accident, defendant sought only to prove the existence of a "defect” in his automobile, as part of his defense. Moreover, the policy reasons for not allowing evidence of postaccident repairs or improvements in the civil cases
 
 (see, Caprara v Chrysler Corp., supra,
 
 at 122;
 
 see also, Cover v Cohen, supra)
 
 do not apply.
 

 The People’s other contention is without merit.
 

 
 *826
 
 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.