■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. MACDONALD, III, Appellant. [641 NYS2d 749] —White, J. Appeal from a judgment of the County Court of Albany

County (Breslin, J.), entered November 23, 1994, upon a verdict convicting defendant of the crime of criminally negligent homicide and the traffic infraction of driving while ability impaired.

On an evening in June 1993, defendant, who was operating his motorcycle with his wife as a passenger, was involved in an accident which resulted in his wife's death. After proceeding up a hill and while rounding a curve, the motorcycle left the traveled portion of the highway, continued approximately 177 feet to an embankment where it became airborne and crashed. The accident resulted in defendant's wife being thrown from the motorcycle and striking a pole, causing her death. Defendant was convicted after a jury trial of criminally negligent homicide and driving while ability impaired. He was sentenced to an indeterminate prison term of 1 to 3 years. On this appeal defendant contends that the judgment should be reversed because the trial evidence was legally insufficient and the verdict was against the weight of the evidence. He further contends that County Court abused its discretion since the sentence imposed was unduly harsh and severe.

The proof at trial revealed that, prior to leaving home on his motorcycle, defendant had consumed a quantity of scotch, and that this was the first occasion in at least three years that defendant had operated his motorcycle. The weather was clear and dry and an eyewitness, walking beside the road and down the hill, observed defendant's motorcycle coming up the hill at a fairly fast rate of speed. He testified that the defendant was driving too fast and failed to slow down at any time in the vicinity of the curve. He stated that the motorcycle was going at least 40 to 45 miles per hour and later proof established that there was a suggested posted speed of 35 miles per hour. Emergency personnel at the scene testified that defendant smelled of alcohol, his coordination was impaired and his speech slurred. There was also testimony that defendant initially refused to submit to an alcohol prescreening device at the scene and, although he subsequently agreed to take the test, he did not complete it properly. In addition, an accident reconstruction expert with the Sheriff's department testified that, in his opinion, the motorcycle was traveling over 65 miles per hour when it failed to negotiate the curve. Two blood alcohol tests were performed on defendant's blood which resulted in blood alcohol readings of .089% and .091%, and the Director of the Forensic Toxicology Laboratory at Albany Medical Center testified that using retrograde extrapolation, defendant's blood alcohol level at the time of the accident was between .11% and .13%.

Defendant contends that the evidence was legally insufficient to convict him of criminally negligent homicide and, further, that the verdict was against the weight of the evidence. However, viewed in the light most favorable to the prosecution, we find a valid line of reasoning and a permissible inference which could lead a rational person to the conclusion reached by the jury and which would satisfy the proof for every element of the crimes charged. In addition, viewing the evidence in a neutral light and giving due deference to the jury which heard and observed the witnesses, we find that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801).

Defendant also contends that testimony regarding the attempt to conduct an alço-sensor test at the scene was improperly admitted, and it is conceded that the results of a pre-screening test of this type is not admissible to prove intoxication (*see, People v Thomas*, 70 NY2d 823, 825). However, the testimony introduced by the People regarding the test was to show defendant's consciousness of guilt in refusing to comply with the procedures and pretending to blow into the straw. Under these circumstances, we find the testimony regarding the attempt to give defendant the alco-sensor test permissible, particularly in light of the court's limiting instructions to the jury on this point.

Similarly, we find no merit to defendant's contention that his blood alcohol levels were improperly reported to the jury where a State Police forensic scientist testified that two analyses showed defendant's blood alcohol levels to be .089% and .091%. Since defendant was convicted of driving while ability impaired, any error in allowing the results of two tests to be expressed to the third decimal was harmless (*see*, Vehicle and Traffic Law § 1195 [2] [c]).

Thomas Rosano, a forensic toxicologist was allowed to give his opinion as to defendant's blood alcohol level at the time of the accident. Rosano is the Director of the Forensic Toxicology Laboratory at Albany Medical Center, with a background including a Ph.D. in clinical biochemistry, two years of post-doctoral training in toxicology and clinical chemistry—an area in which he is Board certified—and 19 years experience at Albany Medical Center in this field. He opined that defendant's blood alcohol at the time of the accident was between .11% and .13%. Defendant contends that this "reverse extrapolation" testimony was improper. We disagree since a proper foundation was laid by the People, the doctor qualified as an

expert in his field, and his testimony was properly submitted to the jury for them to accept or reject (*see, People v Campbell,* 73 NY2d 481, 485; *De Long v County of Erie,* 60 NY2d 296, 307; *People v Cronin,* 60 NY2d 430, 432; *Aylesworth v Evans,* 225 AD2d 850, 851-852).

Defendant argues strongly that the sentence imposed was harsh and excessive citing, *inter alia, People v Whiting* (89 AD2d 694). However, unlike the defendant in *Whiting,* defendant here has a prior conviction for driving while impaired with a subsequent three-year suspension of his license. We note that County Court carefully reviewed the correspondence and statements submitted on defendant's behalf. Moreover, the sentence imposed was less than the harshest allowable. Thus, we cannot say that County Court abused its discretion in sentencing defendant and see no reason to disturb the sentence imposed.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).