OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Following a motorcycle accident which resulted in the death of his wife, defendant was indicted for vehicular manslaughter in the second degree, criminally negligent homicide and two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). A jury acquitted defendant of the counts of vehicular manslaughter and drunken driving, but convicted him of criminally negligent homicide and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). Defendant was sentenced to an indetermi
 
 *910
 
 nate term of one year to three years. The Appellate Division affirmed defendant’s conviction and sentence.
 

 Defendant failed to make a timely specific objection at trial to the sufficiency of the evidence to support the conviction of criminally negligent homicide, and to the admissibility of relation-back testimony regarding defendant’s blood alcohol level at the time of the accident. Therefore, these points were not preserved for this Court’s review
 
 (People v Gray,
 
 86 NY2d 10, 19-21;
 
 People v Gonzalez,
 
 55 NY2d 720, 722,
 
 cert denied
 
 456 US 1010).
 

 We find no merit to defendant’s contention that he was denied a fair trial because of certain evidentiary rulings
 
 (see, People v Ladd,
 
 89 NY2d 893 [decided today]). Moreover, testimony regarding defendant’s attempts to avoid giving an adequate breath sample for alco-sensor testing was properly admitted as evidence of consciousness of guilt, particularly in light of the trial court’s limiting instructions to the jury on this point. Furthermore, error, if any, in permitting the People’s forensic scientist to report defendant’s blood alcohol level beyond the second decimal point at .089 and .091% was harmless, in view of defendant’s conviction for driving while ability impaired
 
 (see,
 
 Vehicle and Traffic Law § 1195 [2] [c]). We similarly reject defendant’s claim that he was not given an individualized sentence.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.