■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDON J. STIFFLER, Appellant. [655 NYS2d 139] —Mercure, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered November 20, 1995, upon a verdict convicting defendant of the crime of driving while intoxicated.

In response to a citizen's telephone complaint concerning an intoxicated person who had run out of gas and was knocking on doors in the neighborhood, at approximately 6:00 A.M. on February 18, 1995 State Troopers Laura Whittaker and Susan Lockyer were dispatched to the area of Cat Hollow Road in the Town of Colchester, Delaware County. As the Troopers proceeded down Cat Hollow Road, defendant was sitting in his vehicle, which was off the side of the road; he flashed his headlights at the Troopers, signaling for them to stop. The Troopers quickly ascertained that defendant was the subject of the citizen's complaint and that he had run out of gas and had been stranded in the area since approximately 1:00 A.M.

Detecting a strong odor of an alcoholic beverage on defendant's breath, Lockyer asked defendant if he had been drinking. Defendant admitted to consuming five beers prior to 11:30 P.M. on February 17, 1995, but stated that he had nothing to drink while he was in his vehicle. A search of defendant's vehicle disclosed no alcoholic beverage containers. Lockyer also performed a number of field sobriety tests, which defendant failed, and an alkasensor alcohol screening test, which was positive for the presence of alcohol in defendant's breath. Defendant was arrested for driving while intoxicated and a breathalyzer test, performed at the barracks at 7:12 A.M., showed a blood alcohol level of 0.13%.

In July 1995, defendant was tried for felony driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and operating a motor vehicle with visibility obstructed, based upon the fact that there was a crack in defendant's windshield. The jury acquitted defendant on the count of common-law driving while intoxicated but was unable to reach a verdict on the remaining counts. A second trial was conducted in October 1995 and defendant was convicted of driving while intoxicated per se, as a felony. Defendant appeals from the judgment of conviction entered thereon.

We affirm. We are not persuaded by defendant's primary

contention, addressed to the sufficiency of the evidence adduced at the first and second trials with regard to the charge of driving while intoxicated per se. In our view, the result of the breathalyzer test, performed within two hours of defendant's arrest and showing a blood alcohol level of 0.13%, together with the physical evidence at the scene of defendant's arrest and his admission that all of his drinking took place before he drove to the Cat Hollow Road location, adequately established defendant's operation of a motor vehicle at a time when his blood alcohol level was 0.10% or greater (*see, People v Mertz*, 68 NY2d 136, 139; *People v Walters*, 213 AD2d 810, *lv denied* 86 NY2d 742; *People v Charland*, 194 AD2d 827).

We are also unpersuaded that County Court erred in its *Sandoval* compromise, permitting defendant to be cross-examined concerning his 1988 conviction of driving while intoxicated absent any reference to the nature of the offense or the underlying facts (*see, People v Noonan*, 220 AD2d 811; *People v Baird*, 167 AD2d 693, 694, *lv denied* 77 NY2d 903). The fact that at the first trial the People had not sought to question defendant concerning this particular conviction strikes us as irrelevant. Finally, County Court did not abuse its discretion in receiving the expert testimony of David Rockefeller, the technical training supervisor for the Bureau of State Police and, as such, the individual responsible for the New York State Breathalyzer Test Operators Program (*see, Werner v Sun Oil Co.*, 65 NY2d 839, 840). In our view, Rockefeller's training, education and experience qualified him to testify concerning the retrograde extrapolation method of determining a subject's blood alcohol level at a specified time interval prior to an established level. We are similarly unpersuaded that defendant's cross-examination of Rockefeller was unduly restricted.

Defendant's remaining contentions have been considered and found also unavailing.

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.