■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. ZAWACKI, Appellant. [665 NYS2d 172] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of felony driving while intoxicated

(Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c]), contending that County Court erred in admitting the breathalyzer test result; that the People's failure to turn over *Rosario* material at the suppression hearing was prejudicial; that the court erred in refusing to admit defendant's medical records; and that the court's charge was improper.

The court properly admitted the breathalyzer test result. Defendant waived any argument based on the two-hour rule (*see*, Vehicle and Traffic Law § 1194 [2] [a]), having stipulated to the exclusion of evidence concerning the time of arrest. In any event we reject defendant's argument that the 10:26 P.M. field breath test, rather than the 10:30 P.M. arrest, triggered the two-hour window. The statute provides that the breathalyzer test results are admissible provided that the breathalyzer test was administered either within two hours after the arrest or within two hours after the breath test (*see*, Vehicle and Traffic Law § 1194 [2] [a] [1], [2]). The case relied on by defendant, *People v Rotger* (162 Misc 2d 459 [Crim Ct, Bronx County]), disregards the plain language of the statute in holding otherwise (*see generally, People v Thomas*, 121 AD2d 73, 75, *affd* 70 NY2d 823; *People v Victory*, 166 Misc 2d 549, 551-562; 10 NYCRR 59.5 [a]). We further reject defendant's contention that a breathalyzer test administered exactly two hours after arrest is not "within" two hours of arrest (*see*, Vehicle and Traffic Law § 1194 [2] [a] [1]). In any event, the Court of Appeals has held that the two-hour limit is inapplicable to chemical tests administered pursuant to defendant's actual consent (*see, People v Atkins*, 85 NY2d 1007, 1008-1009).

Defendant has failed to establish prejudice as a result of the People's delay in producing *Rosario* material (*see generally, People v Banch*, 80 NY2d 610, 617; *People v Ranghelle*, 69 NY2d 56, 63). Further, the court properly excluded defendant's medical records on the grounds that they were replete with hearsay and were not relevant or material to the charge.

Finally, we conclude that the portion of the charge objected to by defendant was proper (*see*, 3 CJI[NY] V&TL § 1192 [2], at 2318I; *People v Alvarez*, 70 NY2d 375, 380; *People v Mertz*, 68 NY2d 136, 146). The record does not support the assertion that defense counsel was misled concerning the content of those instructions. (Appeal from Judgment of Onondaga County Court, Dwyer, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.