■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT PHILLIPS, Appellant. [682 NYS2d 685] —Graffeo, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered September 17, 1997, upon a verdict convicting defendant of the crime of assault in the third degree.

On October 18, 1996, defendant and the victim engaged in an altercation while occupants in defendant's automobile located in a parking lot. The victim exited the vehicle and while he was walking away, defendant struck the victim from behind with his car, causing him to fall backward and onto the hood of the vehicle. The victim and a passenger in defendant's automobile testified that defendant increased the speed of his car to approximately 35 to 40 miles per hour and "slammed" on the brakes, causing the victim to slide off the hood and sustain a broken collarbone. Defendant was indicted for assault in the second degree pursuant to Penal Law § 120.05 (4). At the conclusion of the People's case, County Court denied defendant's motion to dismiss the indictment. Although neither defendant nor the People initially requested County Court to charge the jury with the lesser included offense of assault in the third degree, after consultation with his attorney and inquiry by the court, defendant eventually requested the charge, as well as harassment in the second degree. The jury acquitted defendant of assault in the second degree and found defendant guilty of assault in the third degree. Defendant now appeals.

Defendant's assertion that he did not consent to have the lesser included offense of assault in the third degree submitted to the jury is belied by the record. Although County Court made an inquiry to determine whether defendant was aware of the consequences of not submitting a lesser included offense to the jury, the record reveals that defendant, in consultation with his attorney, made a request for the charge. Based on the foregoing and because defendant did not object to the charge, any alleged error in providing the charge has been waived (*see,* CPL 300.50 [1]; *People v Wilson,* 168 AD2d 696, 699). In any event, pursuant to CPL 300.50 (1), the court in its discretion may submit a lesser included offense to the jury (*see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 300.50, at 660; *cf., People v Green,* 56 NY2d 427).

We also find that County Court's refusal to allow defendant's mother to testify was not error. It is well settled that a trial court has broad discretion to restrict the introduction of evidence relating to collateral issues (*see, Feldsberg v Nitschke,* 49 NY2d 636) and extrinsic evidence on a collateral matter is not permitted (*see, People v Alvino,* 71 NY2d 233). Since the proffered testimony was merely extrinsic evidence on a collateral issue offered solely to impeach the victim's credibility, it was within County Court's discretion to exclude the testimony (*see, People v Hagin,* 238 AD2d 714, *lv denied* 90 NY2d 894).

Defendant next contends that County Court erred in denying

his motion seeking an order of dismissal. A trial order of dismissal must be denied where the trial evidence, when viewed in a light most favorable to the People (*see*, *People v Beecher*, 225 AD2d 943), was legally sufficient to support a guilty verdict with respect to the charged offense or a lesser included offense (*see*, CPL 290.10). Here, the victim and an eyewitness both testified that defendant purposely struck the victim in the back of the legs with his car, causing him to land on the hood of the vehicle. Thereafter, defendant accelerated the speed of his vehicle and applied his brakes in such a fashion as to cause the victim to fall to the ground. The trial order of dismissal was, therefore, appropriately rejected since the evidence was legally sufficient to establish at least the lesser included offense of assault in the third degree, which requires only that defendant caused physical injury to the victim by the use of a dangerous instrument (*see*, Penal Law § 120.00 [3]).

We have considered the remaining contentions of defendant and have found them to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.