■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY C. CROSS, Appellant. [711 NYS2d 533] —Crew III, J. P. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered March 23, 1999, upon a verdict convicting defendant of the crimes of insurance fraud in the third degree, driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree and reckless endangerment in the second degree, and the traffic offenses of speed not reasonable and no safety belt.

On September 28, 1997, Derrik Stanley stopped at defendant's home in the Town of Lewis, Essex County, to visit his high school friend, Lance Cross. Defendant, Cross' father, advised Stanley that his son was not at home and asked Stanley if he would drive him to the Village of Keeseville, Essex County, to pick up his son. Stanley agreed and the two drove off in defendant's car. At some point defendant became annoyed because Stanley was not driving fast enough and began driving the vehicle himself. Thereafter, at a speed estimated by Stanley to be in excess of 85 miles per hour, defendant lost control of the vehicle and crashed. Defendant, whose driver's license was suspended, apparently asked Stanley to say that he was the driver of the vehicle.

Defendant subsequently was indicted and charged with insurance fraud in the second degree, driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, reckless endangerment in the second degree, speed not reasonable in the circumstances and operating a vehicle without a safety belt. Following a jury trial, defendant was convicted of the lesser included offense of insurance fraud in the third degree and of all other counts of the indictment as charged. County Court sentenced defendant to determinate terms of one year in jail on the insurance fraud, driving while intoxicated and aggravated unlicensed operation convictions, and six months in jail on the reckless endangerment conviction, said sentences to be served concurrently. Defendant now appeals.

Defendant initially contends that County Court erred in denying his motion to dismiss the indictment on speedy trial grounds, claiming that the People's statement of readiness was illusory inasmuch as the People had not retained an expert on retrograde extrapolation at the time such statement was made. We disagree. While it is true that where the People communicate their state of readiness on the record they must, in fact, be ready to proceed at such time (*see, People v Wilson*, 86 NY2d 753, 754), the fact that they obtained an expert for trial after their communication of readiness can in no way serve to vitiate such communication where, as here, they were ready at the time of such statement. The record reflects that the People presented a prima facie case to the Grand Jury regarding, *inter alia*, the charge of driving while intoxicated and, as such, their statement of readiness was timely and valid.

We likewise find unavailing defendant's contention that the People's expert should have been precluded from testifying. A review of the record demonstrates that the witness was qualified as an expert and a proper foundation was laid for his testimony in the area of retrograde extrapolation of alcohol in the blood. Accordingly, his testimony was properly submitted to the jury (*see, People v MacDonald*, 227 AD2d 672, 674-675, *affd* 89 NY2d 908). As to defendant's objection to the People's use of hypothetical questions, it is axiomatic that an expert without personal knowledge of the facts of a case may be questioned in hypothetical form (*see,* CPLR 4515).

Finally, with regard to defendant's assertion that County Court erred in denying his motion to dismiss count one of the indictment charging him with insurance fraud in the second degree, we note that the issue is unpreserved inasmuch as counsel for defendant made no such motion. Moreover, such a

motion is properly denied where, as here, the trial evidence is legally sufficient to support a guilty verdict with respect to a lesser included offense (*see, People v Phillips,* 256 AD2d 733, 735). We have considered defendant's remaining contentions and find them equally without merit.

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Essex County for further proceedings pursuant to CPL 460.50 (5).