■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS COVINGTON, Appellant. [711 NYS2d 859] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 15, 1999, upon a verdict convicting defendant of the crime of burglary in the third degree.

On the afternoon of June 22, 1998, the police were summoned to a single-family home located at 14 Cook Street in the Village of Johnson City, Broome County, after a woman in the neighborhood observed defendant peering in the windows of the house, having made no effort to knock on the door or ring the bell. She also watched defendant go to the back of the house, heard a loud noise and then saw him inside the house.

She next observed him leave the house and ride away on his bike, only to return a short time later.

The police officer who arrived at the home, and knew it was vacant rental property owned by Denise Whalen and Kevin Whalen, discovered defendant inside. He had gained access through a broken window on the back door. Defendant was immediately arrested and a search of his person produced a tape measure and screwdriver owned by the Whalens. Moreover, some of their household tools, which had been stored in various places throughout the house, were found piled near the back door.

Denise Whalen testified that she had been at the home two hours before defendant's entry, at which time no tools were in the kitchen and the window was intact. It was also established that defendant had not been given permission to be in the home. Finally, his palm print was detected on a piece of the broken window recovered from the house. Indicted on burglary in the second degree and found guilty of the lesser included offense of burglary in the third degree following a jury trial, defendant appeals.

We reject defendant's argument that County Court erred in denying his motion to dismiss the indictment at the close of proof on the ground that there was insufficient evidence before the jury that the house was a "dwelling" to support a conviction for burglary in the second degree (*see,* Penal Law § 140.25), i.e., that it was "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). Even if the evidence was legally insufficient to support a finding that the house, because of its vacant and unfurnished status, was a dwelling within the meaning of Penal Law § 140.00 (3), County Court did not err in refusing to dismiss the indictment since the trial evidence was legally sufficient to support the guilty verdict on the lesser included offense of burglary in the third degree (*see, People v Cross,* 273 AD2d 702; *People v Phillips,* 256 AD2d 733, 735). To the extent that defendant challenges the verdict as legally insufficient on the specific ground that there was no evidence of his intent to commit a crime in the vacant house, we are unpersuaded.

Viewing the trial evidence in a light most favorable to the People, we find a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury (*see, People v Thompson,* 72 NY2d 410, 413; *People v Bleakley,* 69 NY2d 490, 495), namely, that defendant "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein" (Penal Law

§ 140.20). The facts reveal that defendant, after satisfying himself that no one was present in the house and without permission from its owners, broke a window in order to gain entry and, once inside, began collecting tools and stockpiling them near the back door. Indeed, two such items were found on his person when he was arrested. Given these facts, the jury was clearly permitted to infer that defendant entered the house with the intent to commit a crime therein (*see, e.g., People v Durham*, 248 AD2d 820, 821, *lv denied* 91 NY2d 972; *People v Mason*, 248 AD2d 751, 754; *People v Walton*, 214 AD2d 805, 806-807, *lv denied* 86 NY2d 785).

Defendant also contends that County Court erred in submitting lesser included offenses to the jury because these offenses were neither requested by defense counsel nor agreed to by him. First, we note that it is within a court's discretion to submit a lesser included offense to the jury, even in the absence of a request by defense counsel or the consent of a defendant (*see,* CPL 300.50 [1], [2]; *see also, People v Phillips, supra,* at 734). In any event, the record reveals that defense counsel, following the unsuccessful motion to dismiss the sole count of the indictment, indeed requested that burglary in the third degree and criminal trespass in the third degree be charged. Moreover, when County Court ultimately informed counsel of the particular lesser included offenses it would be submitting to the jury, defense counsel responded, "okay" without lodging any objection. Thus, even if consent of defendant was needed, it was present in this case.

Defendant's remaining contentions in support of reversal have been reviewed and rejected as meritless.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.