■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS O'CONNOR, Appellant. [738 NYS2d 55] —On the Court's own motion, it is

Ordered that the unpublished decision and order of this Court dated December 24, 2001, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered December 11, 2000, convicting him of manslaughter in the second degree, driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the third degree, and operation of a motor vehicle while registration or privilege is suspended or revoked, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court properly denied the defendant's motion

to dismiss the misdemeanor charge of aggravated unlicensed operation of a motor vehicle in the third degree pursuant to CPL 30.30. The felony and misdemeanor instruments were properly joined pursuant to CPL 200.20 (2) (a), since they were "so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident" (CPL 40.10 [2]). The prosecution was ready for trial within six months of the commencement of the criminal action, and thus complied with the applicable time limitation (*see,* CPL 30.30 [1] [a]).

Contrary to the defendant's contention, he is not entitled to a new trial because the prosecutor improperly subpoenaed his hospital records during the investigatory stage of the case and before the case was presented to the grand jury. The hospital records were not used in the grand jury or at trial. Accordingly, no prejudice resulted to the defendant (*see, People v Natal,* 75 NY2d 379, *cert denied* 498 US 862; *People v Currier,* 221 AD2d 805; *People v Carkner,* 213 AD2d 735).

The Supreme Court correctly advised the defendant that he would waive the physician-patient privilege if he affirmatively placed his medical condition at issue (*see, People v Gonzalez,* 239 AD2d 931). Furthermore, the Supreme Court correctly ruled, after a hearing, that the prosecution's expert on retrograde extrapolation in ascertaining a person's blood alcohol level was qualified and that a proper foundation was laid for his testimony (*see, People v Cross,* 273 AD2d 702; *People v MacDonald,* 227 AD2d 672, *affd* 89 NY2d 908), and properly refused to admit photographs of crash tests since they were not produced under circumstances that were similar to those existing during the accident (*see, People v Cohen,* 50 NY2d 908; *CNA Ins. Co. v Cacioppo Elec. Contrs.,* 206 AD2d 399).

The Supreme Court properly dismissed a sworn juror as "grossly unqualified" (CPL 270.35), since he possessed a state of mind which would prevent the rendering of an impartial verdict (*see, People v Buford,* 69 NY2d 290, 298).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Altman, J.P., Smith, Adams and Prudenti, JJ., concur.