THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE M. DOMBROWSKI-BOVE, Appellant. [753 NYS2d 259] —Ap-

peal from a judgment of Supreme Court, Erie County (Wolfgang, J.), entered February 17, 2000, convicting defendant after a jury trial of, inter alia, vehicular manslaughter in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her of two counts of vehicular manslaughter in the second degree (Penal Law § 125.12 [2]), one count of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and various traffic infractions, defendant contends that she was denied a fair trial by the admission of the opinion testimony of a pharmacologist who made a "reverse extrapolation" of defendant's blood-alcohol content at the time of the accident. We conclude that the pharmacologist qualified as an expert and that a proper foundation was laid for his testimony, and that the testimony thus was properly admitted (see People v MacDonald, 227 AD2d 672, 674-675, affd 89 NY2d 908, rearg denied 89 NY2d 983; People v Cross, 273 AD2d 702, 703; see also People v O'Connor, 290 AD2d 519, 520, lv denied 97 NY2d 758; People v Stiffler, 237 AD2d 753, 754, lv denied 90 NY2d 864).

Supreme Court properly denied defendant's motion to suppress the blood test results. It was unnecessary for police to make a telephonic application for a court order authorizing them to seize defendant's blood, inasmuch as the requirements of Vehicle and Traffic Law § 1194 (2) (a) (1) were satisfied (see People v Hall, 91 AD2d 1002, 1003, affd 61 NY2d 834; People v Zawacki, 244 AD2d 954, lv denied 91 NY2d 889; cf. People v Demetsenare, 243 AD2d 777, 780, lv denied 91 NY2d 833). In the absence of a suspect's express refusal to consent, including in a case in which the suspect is unconscious, police may rely on the implied consent provision of section 1194 (2) (a) (1) to take and test a sample of the suspect's breath or body fluids without obtaining a court order (see People v Goodell, 79 NY2d 869, 870-871; People v Bradway, 285 AD2d 831, 832-833, lv denied 97 NY2d 639; People v Hart, 266 AD2d 698, 698-699, lv denied 94 NY2d 880). In any event, any noncompliance with the requirements of section 1194 (3) (d) (2) and (3) by the arresting officer and the court was of no moment because there was the requisite substantial compliance with the requirements of the statute (see People v Rollins, 118 AD2d 949, 950; see generally People v Crandall, 108 AD2d 413, 417-418; People v Whelan, 165 AD2d 313, 323, lv denied 78 NY2d 927; People v Stratis, 137 Misc 2d 661, 667-670, affd 148 AD2d 557, lv denied 74 NY2d 747). We further conclude that there was reasonable

cause to believe that defendant drove while intoxicated, thus justifying a chemical test of her blood pursuant to section 1194 (2) or (3) (*see People v Alshoaibi,* 273 AD2d 871, 872, *lv denied* 95 NY2d 960; *People v Bowen,* 229 AD2d 954, 955, *lv denied* 88 NY2d 1019). The reliability of the citizens who witnessed defendant's erratic driving and involvement in the fatal accident may be presumed (*see People v Parris,* 83 NY2d 342, 350; *People v Hetrick,* 80 NY2d 344, 349; *People v Hicks,* 38 NY2d 90, 94), and the information supplied by the citizens was based on their firsthand observations (*see People v Adams,* 224 AD2d 703, 703-704, *lv denied* 88 NY2d 844; *People v Rivera,* 210 AD2d 895, 895-896; *People v Rowles,* 176 AD2d 1074, 1075-1076, *lv denied* 79 NY2d 831; *cf. Parris,* 83 NY2d at 349-350).

We agree with defendant that the prosecutor impermissibly shifted the burden of proof by suggesting that defendant could have the blood sample tested by her own expert (*see People v Hall,* 181 AD2d 1008, 1009, *lv denied* 79 NY2d 948). Nevertheless, we conclude that defendant was not deprived of a fair trial by that isolated incident of misconduct (*see People v Bennett,* 298 AD2d 964; *People v Robinson,* 267 AD2d 981, *lv denied* 95 NY2d 838).

Contrary to defendant's further contention, the prosecution did not abuse its subpoena power (*see generally* CPL 610.20). Defendant has failed to preserve for our review her contention that the court erred in failing to instruct the jury that the "sole purpose of the notations" on the verdict sheet was "to distinguish between the counts" (310.20 [2]; *see People v Mariko,* 267 AD2d 113, *lv denied* 94 NY2d 950; *People v Rivera,* 262 AD2d 31, *lv denied* 93 NY2d 1025; *People v Wheeler,* 257 AD2d 673, 673-674, *lv denied* 93 NY2d 930). In any event, we perceive no possibility of prejudice to defendant arising from that failure, in view of the court's detailed instructions differentiating the counts (*see Mariko,* 267 AD2d 113). We reject defendant's contention that the verdict sheet was confusing in general. The sentence imposed, an indeterminate term of incarceration of 2⅓ to 7 years, is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.