OPINION OF THE COURT
Gerald V. Hayes, J.
*414 On June 24, 2004, the defendant pleaded guilty to operating a motor vehicle while under the influence of alcohol. On January 26, 2005, he was sentenced to a term of probation with the first six months in the Dutchess County Jail, including that time already served, and the subsequent six months to be served on electronic monitoring. The electronic monitoring sentence was not completed because, on July 5, 2005, the defendant was arraigned on a violation of probation complaint.
The complaint accused him of violating the terms and conditions of probation in that he tested positive for alcohol on March 25, 2005 and May 12, 2005.
The defendant denied the allegations, and a hearing was conducted on September 27, 2005.
Findings of Fact
I find the testimony of the People’s witnesses to be credible to the extent indicated in these findings of fact.
On March 25, 2005 and on May 12, 2005, Probation Officers Haverkamp and Lamport, assigned to the Electronic Monitoring Unit of the Probation Department, conducted a random visit to the defendant’s home to check on the monitoring equipment and also to give the defendant an alcosensor test.
According to the testimony, the test result on March 25, 2005 was .10 and on May 12, 2005 it was .11.
On each occasion, the defendant denied that he had consumed any alcoholic beverages. Lamport testified that on May 12, 2005 the defendant’s eyes were bloodshot and his speech slurred.
The alcosensor device used on each occasion was serial number 1055221. That instrument had been calibrated by Dutchess County Deputy Sheriff Sergeant Michael Sarigianis on January 21, 2005 and July 8, 2005.
On January 21, 2005, the test result was a .10 which was consistent with the simulator solution.
On July 8, 2005, the test result was above .10 but Sarigianis did not recall to what extent it was above .10.
Probation Officer Cioppa testified that he was the defendant’s supervising probation officer since the defendant was placed on probation and had reviewed the conditions of probation with the defendant.
All the probation officers agree that the defendant had been subjected to alcosensor tests on other occasions but had tested negative on those occasions.
*415 Discussion and Conclusions
During the hearing, when the Assistant District Attorney was about to introduce evidence of a conversation between the probation officers and the defendant, defendant’s attorney objected to the admission of such testimony on the ground that he had not received notice pursuant to CPL 710.30.
CPL 710.30 provides that, whenever the People intend to offer evidence of a statement at a trial, they must provide notice to the defendant within 15 days after the arraignment.
CPL 710.30 makes no reference to a hearing with respect to a violation of probation nor is the court aware of any authority that the notice requirements apply. In any event, the defendant was in no way prejudiced by the admission of the testimony since the testimony was that defendant denied that he had been drinking alcoholic beverages.
Defendant also argues that the evidence was insufficient because, for example, there was no testimony by either probation officer that he or she smelled an odor of alcoholic beverages on the defendant’s breath on either occasion. Although Probation Officer Lamport testified that, on one occasion, the defendant’s eyes were bloodshot and his speech slurred, that alone would not establish that the defendant had been drinking, especially without any testimony as to any odor of alcohol.
Accordingly, whether the violation has been proven depends on whether the results of the alcosensor tests in and of themselves are sufficient.
A finding that a defendant has violated a condition of his probation sentence must be based upon a preponderance of the evidence. (CPL 410.70 [3].)
A preponderance of the evidence is defined as the burden of persuading the trier of fact that the existence of the fact is more probable than its nonexistence. (PJI 1:23; Prince, Richardson on Evidence § 3-206 [Farrell 11th ed].)
The general use of the alcosensor, at least for purposes of the Vehicle and Traffic Law, has been described as follows:
“This breath test, sometimes called a screening test, involves a portable machine which is used by the police on the road to determine whether there is alcohol present in the motorist being tested. This screening or breath test machine is used as a pass/ fail test and is basically reliable for the determination of some presence of alcohol in a person’s blood *416 but not the actual percentage or concentration.” (Carrieri, Practice Commentaries, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1194, at 91 [1996 ed].)
The case law generally is that evidence of an alcosensor test is not admissible at trial (cf. People v Thomas, 121 AD2d 73 [1986], affd 70 NY2d 823 [1987]; People v MacDonald, 227 AD2d 672 [1996], affd 89 NY2d 908 [1996]; People v Wright, 1 Misc 3d 133[A], 2003 NY Slip Op 51635[U] [2003]).
The question then is whether the results are admissible and may be considered at a violation of probation hearing.
It appears that the rationale of those decisions prohibiting admission of the test results is that the instrument is not sufficiently reliable to prove intoxication (i.e., the blood alcohol content reading).
In the instant proceeding, however, the issue is not whether the defendant was intoxicated: the issue is whether he had consumed alcohol in violation of condition ALCI of the orders and conditions of probation.
The alcosensor has been held to be sufficiently reliable for use in determining the presence of alcohol and to be a factor, for example, in a determination as to whether a police officer has probable cause to arrest an individual for driving while intoxicated (People v Thomas, supra at 76; Smith v Commissioner of Motor Vehs., 103 AD2d 865, 866 [1984]).
I find, therefore, that the results of the test to the extent that they indicated the presence of alcohol were admissible and do establish that the defendant had consumed alcoholic beverages.
Defendant argues further that the test results should not be considered because the tests were not performed in accord with the requirements of 10 NYCRR 59.5 (b) which provides that there must be continuous observation of the subject for at least 15 minutes prior to the collection of the breath sample to ensure that the subject has not ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten, or smoked or placed anything in his mouth.
That is a very important consideration when it concerns the administration of a breathalyzer or similar test for the purpose of determining an individual’s blood alcohol content. That is because the accuracy of the results could be affected by the presence of any alcohol in the individual’s mouth either because he had consumed an alcoholic beverage within the 15-minute period or had regurgitated or vomited.
*417 Even in those situations, however, the failure to observe the tested individual for 15 minutes goes only to the weight of that evidence and not its admissibility. (People v Terrance, 120 AD2d 805 [1986]; People v Williams, 96 AD2d 972 [1983], revd on other grounds 62 NY2d 765 [1984].)
Again, however, in the instant case, the numerical results of the alcosensor are not necessary to the resolution of the charges. The only issue to be determined is whether the defendant consumed alcohol — not how much.
The fact that his mouth alcohol may have made the results higher than his actual blood alcohol content is irrelevant.
The question is: do the alcosensor test results demonstrate that the defendant had consumed alcoholic beverages on those two dates?
I find that they do.
Accordingly, the People have proved by a preponderance of the evidence that the defendant has violated the terms and conditions of his probation sentence.