People v Sharpe (2020 NY Slip Op 04186)





People v Sharpe


2020 NY Slip Op 04186


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-03304
 (Ind. No. 1782/15)

[*1]The People of the State of New York, respondent,
v
Oniel Sharpe, Jr., appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Fernando Camacho, J.), rendered April 18, 2017, convicting him of aggravated vehicular homicide (two counts), manslaughter in the second degree (three counts), leaving the scene of an accident without reporting, and tampering with physical evidence, upon a jury verdict, and criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of the defendant's request for a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of testimony concerning the defendant's blood alcohol content at the time of the accident based upon retrograde extrapolation. In light of the acceptance of such evidence by the courts of the State of New York (see People v Menegan, 107 AD3d 1166, 1169; People v Dombrowski-Bove, 300 AD2d 1122, 1123; People v O'Connor, 290 AD2d 519, 520; People v Cross, 273 AD2d 702, 703; People v Hagin, 238 AD2d 714, 716; People v Stiffler, 237 AD2d 753, 754; People v MacDonald, 227 AD2d 672, 674-675, affd 89 NY2d 908), a Frye hearing was not necessary (see People v LeGrand, 8 NY3d 449, 458; People v Gibson, 163 AD3d 586; People v Foster-Bey, 158 AD3d 641, 641, affd 35 NY3d 959). Contrary to the defendant's contention, the People established that their expert toxicologist was sufficiently qualified to render an opinion as to the defendant's blood alcohol content (see People v Dombrowski-Bove, 300 AD2d at 1123; People v O'Connor, 290 AD2d at 520; People v Stiffler, 237 AD2d at 754; People v MacDonald, 227 AD2d at 674-675). Further, the defendant's contention that an insufficient factual foundation was laid for the toxicologist's opinion is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit (see People v Dombrowski-Bove, 300 AD2d at 1123; People v O'Connor, 290 AD2d at 520; People v Cross, 273 AD2d at 703; People v MacDonald, 227 AD2d at 674-675).
We agree with the Supreme Court's determination to decline to provide instructions to the jury concerning the effect of evidence of blood alcohol content as determined by chemical testing contained in Vehicle and Traffic Law § 1195. Since the People relied upon an expert opinion, not a chemical test to establish the defendant's blood alcohol content at the time of the accident, the expert's opinion "did not have the prima facie' effect specified by the statute and [the] defendant was not entitled to the charge []he sought" (People v Fratangelo, 23 NY3d 506, 510).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the defendant operated a motor vehicle in a reckless manner and was impaired by alcohol when he struck and fatally injured the three victims with his vehicle so as to support the convictions of aggravated vehicular homicide and manslaughter in the second degree (Penal Law §§ 125.14[4]; 125.15[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's verdict of guilt on those charges was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that testimony, photographs, and videos concerning the accident scene and details of the victims' deaths were improperly admitted is unpreserved for appellate review (see CPL 470.05[2]). In any event, because this evidence was not introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant, but for the purpose of establishing material elements of the crimes charged by demonstrating the manner in which the victims died and by helping illustrate the manner in which the accident occurred, the Supreme Court providently exercised its discretion in permitting this evidence (see People v Anglin, 178 AD3d 839; People v Barnett, 163 AD3d 700, 702; People v Lippe, 145 AD3d 1035, 1037; People v Jones, 142 AD3d 678, 678-679). Moreover, notwithstanding that the defendant did not contest the cause of death or the identities of the victims, "the People were . . . still required to prove their case beyond a reasonable doubt and present relevant material evidence as to [each] element" of the charged crimes (People v White, 79 AD3d 1460, 1463 [internal quotation marks omitted]; see People v McClinton, 180 AD3d 712).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court