People v Legnetti (2021 NY Slip Op 21306)

People v Legnetti

2021 NY Slip Op 21306 [73 Misc 3d 36]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 22, 2021

[*1]

The People of the State of New York, Respondent,
v
Cory Legnetti, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, November 4, 2021

APPEARANCES OF COUNSEL

Nassau County Legal Aid Society (Tammy Feman and Marquetta Christy of counsel) for appellant.
Joyce A. Smith, Acting District Attorney (Kevin C. King and Benjamin A. Kussman of counsel), for respondent.

{**73 Misc 3d at 38} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is reversed, on the law, the counts of the accusatory instrument charging defendant with speeding and unsafe lane change are dismissed, the fines and surcharges imposed on those convictions, if paid, are remitted, and the matter is remitted to the District Court for a new trial on the count charging defendant with driving while ability impaired.
Insofar as is relevant to this appeal, following a jury trial, defendant was convicted of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), speeding (Vehicle and Traffic Law § 1180 [d]), and two counts of unsafe lane change (Vehicle and Traffic Law § 1128 [a]). On appeal, defendant contends, among other things, that the second unsafe lane change [*2]count was multiplicitous; that the evidence was legally insufficient to sustain so much of the judgment as convicted him of the speeding and unsafe lane change counts; and that the verdict as to all counts was against the weight of the evidence.
Defendant's contention that the second unsafe lane change count was multiplicitous is unpreserved for appellate review as no objection was raised thereto in the District Court (see CPL 470.05 [2]; People v Denton, 187 AD3d 933 [2020]; People v McClean, 137 AD3d 940, 942 [2016]; see also People v Becoats, 17 NY3d 643, 650 [2011]), and we decline to consider this contention in the interest of justice.
Defendant argues that the evidence was legally insufficient to sustain his conviction of the unsafe lane change counts because the People failed to establish that the lane changes were not safely made. Vehicle and Traffic Law § 1128 provides, in pertinent part, as follows:
"Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:
"(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."{**73 Misc 3d at 39}
[1] Although the police officer testified that the width of the front and rear tires of defendant's vehicle twice crossed over into the oncoming lane of traffic, he provided no testimony regarding how such movement out of the traffic lane was unsafe (see People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). The officer stated that the traffic was light and provided no testimony as to whether there were cars in the oncoming lane of traffic. Viewing the foregoing evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of the two counts of unsafe lane change (see People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U]).
Defendant further argues that the evidence was legally insufficient to sustain his speeding conviction because the police officer based his determination of the speed of his vehicle solely on the untested speedometer of a police car. It is well settled that the testimony of a police officer qualified to visually estimate the speed of moving vehicles, standing alone, is sufficient to support a speeding conviction where the variance between the officer's visual estimate of the speed of the defendant's vehicle and the posted speed limit is "sufficiently wide, so that [the factfinder] may be certain beyond a reasonable doubt that . . . defendant exceeded the permissible limit" (People v Olsen, 22 NY2d 230, 232 [1968]; see also People v Goldmann, 61 Misc 3d 149[A], 2018 NY Slip Op 51746[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U]). In addition, the reading of an untested speedometer, when taken in conjunction with a qualified officer's visual estimate, is [*3]legally sufficient to establish the speed of a moving vehicle (see People v Dusing, 5 NY2d 126, 128 [1959]; People v Goldmann, 61 Misc 3d 149[A], 2018 NY Slip Op 51746[U]). However, the reading of an untested speedometer, standing alone, is insufficient to establish, beyond a reasonable doubt, the speed of a vehicle (see People v Dusing, 5 NY2d at 127-128; People v Marsellus, 2 NY2d 653, 655 [1957]; People v Heyser, 2 NY2d 390, 393 [1957]).
[2] In the case at bar, it is uncontroverted that the posted speed limit was 35 miles per hour (mph), and the police officer did not provide a visual estimate of the speed of defendant's{**73 Misc 3d at 40} vehicle. The officer merely stated that he paced the speed of defendant's vehicle and that the untested speedometer of his police car showed that the speed of defendant's vehicle "was approximately 55" mph. Viewing the foregoing evidence in the light most favorable to the People (see People v Contes, 60 NY2d at 621), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d at 437), we find that the evidence was legally insufficient to establish, beyond a reasonable doubt, defendant's guilt of speeding.
Defendant contends that so much of the verdict as convicted him of driving while ability impaired was against the weight of the evidence, as the evidence did not support the conclusion that his ability to execute the physical and mental tasks associated with driving was compromised.
[3] Vehicle and Traffic Law § 1192 (1) provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." Here, the police officer testified that defendant had red, glassy, bloodshot eyes, and slightly slurred speech; that a strong odor of an alcoholic beverage emanated from defendant's breath; that defendant admitted that he had consumed two beers; that defendant failed one field sobriety test and refused to perform other field sobriety tests; and that defendant refused to take a portable breath test (PBT) at the scene or a chemical breath test at the precinct. The officer further testified that defendant was driving at "approximately 55" mph in a 35 mph zone, and that the tires of defendant's vehicle twice crossed over into the oncoming lane of traffic. The officer also testified that, after he had activated the emergency lights of the police car in order to pull defendant's vehicle over, defendant kept driving around a curve in order to safely pull his vehicle off the road, and that defendant was not unsteady on his feet, and provided his driver's license with no issues (see People v Sines, 129 AD3d 1220 [2015]; People v Enriquez, 69 Misc 3d 127[A], 2020 NY Slip Op 51123[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we are of the opinion that so much of the verdict as convicted defendant of driving while ability impaired was not against the weight of the evidence.
[4] Notwithstanding the foregoing, we find that so much of the judgment as convicted defendant of driving while ability{**73 Misc 3d at 41} impaired must, nevertheless, be reversed and the matter remitted to the District Court for a new trial on that count. Vehicle and Traffic Law § 1194 (1) (b) provides that every person operating a motor vehicle in violation of any of the provisions of its chapter can be asked by a police officer to submit to a breath test and, if the test result [*4]indicates the consumption of alcohol, the officer can request the driver to submit to a chemical test. If the driver refuses to take a chemical test after being given sufficient warning, in clear and unequivocal language, evidence of the refusal is admissible at trial pursuant to Vehicle and Traffic Law § 1194 (2) (f). However, there is no corresponding provision with respect to a driver's refusal to take a PBT (see generally People v Santiago, 56 Misc 3d 127[A], 2017 NY Slip Op 50813[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Carron, 51 Misc 3d 135[A], 2016 NY Slip Op 50555[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v McMahon, 43 Misc 3d 140[A], 2014 NY Slip Op 50812[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).[FN*] In view of the foregoing, we find that the prejudicial effect of the District Court's charge as it relates to defendant's refusal to consent to a PBT outweighed any probative value.
Accordingly, the judgment of conviction is reversed, the counts of the accusatory instrument charging defendant with speeding and unsafe lane change are dismissed, and the matter is remitted to the District Court for a new trial on the count charging defendant with driving while ability impaired.
Emerson, J.P., Driscoll and Voutsinas, JJ., concur.

Footnotes

Footnote *:We note that the facts of People v MacDonald (89 NY2d 908 [1996]) are distinguishable from those at bar wherein defendant, in the first instance, refused to consent to take a PBT. In MacDonald, wherein the defendant had consented to take an alco-sensor test at the scene and then attempted to provide an inadequate breath sample for the test, the Court of Appeals held that evidence of the defendant's failure to properly take the PBT was admissible "as evidence of consciousness of guilt, particularly in light of the trial court's limiting instructions to the jury on this point" (id. at 910).