OPINION OF THE COURT
Memorandum.
Order reversed on the law, defendant’s motion for a trial order of dismissal denied, jury verdict convicting him of obstructing governmental administration in the second degree reinstated and matter remanded to the court below for sentencing.
Pursuant to CPL 290.10 (1) (a), a court may grant a motion for a trial order of dismissal upon a finding “that the trial evidence is not legally sufficient to establish the offense charged . . . or any lesser included offense.” Evidence is legally sufficient when, if accepted as true, it would establish every element of an offense charged and defendant’s commission thereof (see CPL 70.10 [1]; People v Hopkins, 12 Misc 3d 130[A], 2006 NY Slip Op 51041[U] [App Term, 2d & 11th Jud Dists 2006]). In order to prove defendant’s guilt of obstructing governmental administration in the second degree beyond a reasonable doubt, the People were required to establish that defendant “intentionally obstruct[ed], impair [ed] or pervert[ed] the administration of law or other governmental function or prevent [ed] or attempt[ed] to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act” (Penal Law § 195.05). The evidence adduced at trial established that defendant yelled, screamed and became violent by kicking and punching walls of the cell where he was being held while the police were processing the paperwork relating to his arrest for harassment in the second degree. When the police attempted to handcuff the defendant, he kicked an officer and tried to bite and spit on him. The official function of the police that defendant obstructed as alleged in the information and proven at trial was the handcuffing of the defendant. Accordingly, we find the evidence legally sufficient to establish defendant’s commission of the crime of obstructing governmental administration in the second degree.
Rudolph, P.J., McCabe and Tanenbaum, JJ., concur.