OPINION OF THE COURT
Howard M. Bergson, J.
Ordered that this motion by the defendant is decided as follows:
The defendant, a parolee, escaped in handcuffs from the office of his parole officer after he was arrested for parole violations. A parole warrant had been approved at the time of the arrest but had not yet been issued. The question presented in this case is whether the defendant’s arrest under these circumstances, prior to the issuance of the parole warrant, was an authorized arrest.
The defendant was charged with escape in the third degree, in violation of Penal Law § 205.05, and a jury trial was conducted. At the close of the People’s case, the defendant moved for a trial order of dismissal pursuant to CPL 290.10 (1), which was denied. The defendant renewed the motion at the close of trial, contending that the trial evidence was not legally sufficient to establish the charge. The court reserved decision on the renewal motion and submitted the charge to the jury, which returned a verdict of guilty. The defendant then moved for an order pursuant to CPL 330.30 (1) setting aside the verdict on the ground that the jury charge was improper. Both motions *492 were denied on the record on May 16, 2007 with the instant written decision to follow.
At the trial, the defendant’s parole officer testified that she had learned, prior to the date of the incident, that the defendant had committed several violations of the terms and conditions of his parole, the most serious of which was his arrest by the police for the crime of loitering for the purpose of using drugs. Based upon this information, the parole officer had decided that parole revocation procedures should be initiated and had reported the information to her supervisor, who authorized the issuance of a warrant to retake the defendant into custody.
When the defendant arrived for his weekly visit, the parole officer informed him that she was taking him into custody for the parole violations. She placed him in handcuffs and had him sit with her in her office while the paperwork was being processed. Before the parole warrant was actually issued, the defendant, still handcuffed, suddenly ran out of her office, down a hallway, through the reception area and out to the parking lot, where he jumped into the passenger seat of the vehicle he had arrived in. The driver of the vehicle had been waiting in the parking lot with the engine running to drive the defendant home, and drove off with him. The defendant was apprehended nine days later, when he was arrested and charged with escape in the third degree.
The essential elements of the offense of escape in the third degree are that a person is in custody and that he escapes from such custody. (See, Penal Law § 205.05.) The term “custody,” as defined in the Penal Law, means restraint by a public servant pursuant to an authorized arrest or an order of a court. (See, Penal Law § 205.00 [2].) The defense contends that the evidence at trial was legally insufficient to establish that the arrest of the defendant by his parole officer was authorized because a parole warrant had not yet been issued when the defendant was handcuffed, nor when he ran out of the parole officer’s office. As a result, the arrest was not authorized and the defendant was not in “custody” as that term is defined in the statute.
The court notes initially that the statutory authority provided by CPL 140.25 for parole officers, as peace officers, to make warrantless arrests does not apply to the facts of this case, as the statutorily prescribed circumstances under which such an arrest may be made are not present here. (See, CPL 140.25 [1]; 2.10 [23]; Penal Law § 10.00 [1], [6].) The defendant was not be *493 ing taken into custody for an “offense” committed in the parole officer’s presence (see, CPL 140.25 [1] [a]; Penal Law § 10.00 [1]), nor for a “crime” committed in her presence or otherwise, since he had already been arrested by the Police Department on the loitering charge (see, CPL 140.25 [1] [b]; Penal Law § 10.00 [6]). Instead, he was being taken into custody for conduct which violated the terms and conditions of his parole. At issue, therefore, is whether strict adherence to the regulations governing the retaking and detention of parolees is required in order for an arrest for parole violations to be authorized.
The State Board of Parole has the power to “revoke the presumptive release, parole, conditional release or post-release supervision status of any person and to authorize the issuance of a warrant for the re-taking [síc] of such persons.” (See, Executive Law § 259-c [6].) If the parole officer having charge of a paroled person has reasonable cause to believe that the paroled person has lapsed into criminal ways or company, or has violated one or more conditions of his parole, the parole officer
“shall report such fact to a member of the board of parole, or to any officer of the division designated by the board, and thereupon a warrant may be issued for the retaking of such person and for his temporary detention in accordance with the rules of the board. The retaking and detention of any such person may be further regulated by rules and regulations of the division not inconsistent with this article.” (Executive Law § 259-i [3] [a] [i].)
The regulations promulgated by the Division of Parole set forth the designated officers to whom a parole officer must report the facts of a parole violation, which include a senior parole officer and a supervising parole officer. (See, 9 NYCRR 8004.2 [a].) The designated officer may issue a warrant for retaking and temporary detention “when there is reasonable cause to believe that the releasee has lapsed into criminal ways or company, or has violated the conditions of his release in an important respect.” (See, 9 NYCRR 8004.2 [c].) Such reasonable cause exists
“when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that a releasee has committed the acts in question or has *494 lapsed into criminal ways or company. Such apparently reliable evidence may include hearsay.” (See, 9 NYCRR 8004.2 [c].)
The regulations require that the warrant be issued by an officer other than the officer who recommends it. (See, 9 NYCRR 8004.2 [a], [b].)
Once a parole warrant has been issued, the Executive Law provides that the warrant may be executed
“by any parole officer or any officer authorized to serve criminal process or any peace officer, who is acting pursuant to his special duties, or police officer. Any such officer to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such person and having him detained as provided in this paragraph.” (Executive Law § 259-i [3] [a] [iii].)
In addition, the parole warrant authorizes the parolee’s detention by the superintendent or other person in charge of any jail, penitentiary, lockup or detention pen, and also by the person in charge of a drug treatment campus where the parolee has been ordered to complete an intensive drug treatment program. (Executive Law § 259-i [3] [a] [i].)
Parolees do not enjoy “the absolute liberty to which every citizen is entitled,” but only “conditional liberty properly dependent on observance of special restrictions.” (Griffin v Wisconsin, 483 US 868, 874 [1987], quoting Morrissey v Brewer, 408 US 471, 480 [1972]; see also, People v Hale, 93 NY2d 454, 459 [1999].) This is due to the nature of parole as “an established variation on imprisonment.” (Samson v California, 547 US —, 126 S Ct 2193, 2198 [2006], quoting Morrissey v Brewer, supra, 408 US at 477.) A parolee’s status is that of a convicted criminal who is released from prison before expiration of his term, remaining under supervision outside the penal institution only on stated conditions. (People v Dyla, 142 AD2d 423, 439 [2d Dept 1988], lv denied 74 NY2d 808 [1989]; People v Gordon, 176 Misc 2d 46 [Sup Ct, Queens County 1998].) Parole status therefore “may justify departures from the customary constitutional standards that apply in other settings.” (People v Hale, supra at 459.) The “degree of impingement upon privacy” to which parolees are subject “would not be constitutional if applied to the public at large.” (Gathers v White, 2007 WL 446755, *3, 2007 US Dist LEXIS 9054, *11-12 [ED NY 2007], quoting Griffin v Wisconsin, supra, 483 US at 875.) The restrictions placed upon the parolee necessarily result in the *495 reduction of his civil rights, but are intended to assure that the parole serves as a period of genuine rehabilitation and that the community is not harmed by the parolee’s being at large. (See, Gathers v White, supra; see also, Alvarado v City of New York, 482 F Supp 2d 332 [SD NY 2007].)
There is no rule of constitutional law which requires that a warrant be issued prior to the arrest of a parolee for a parole violation. (People v Dyla, supra, 142 AD2d at 440.) A parole warrant is not comparable to a judicial arrest warrant. (People ex rel. Smith v Travis, Sup Ct, NY County 1998, Drager, J., Index No. 403134/97.) It must be noted that the Division of Parole’s own manual states that the parole officer has the authority to make a warrantless arrest. The purpose of the procedure for obtaining a parole warrant is to assure that the decision to revoke parole is reviewed by an independent supervisor and is not made solely by the parolee’s own officer. (See, People ex rel. Smith v Travis, supra; 9 NYCRR 8004.2 [a], [b].) The warrant procedure also provides third parties, such as police officers and parole officers other than the parolee’s own officer, with the authority to arrest and detain the parolee. (See, Executive Law § 259-i [3] [a] [i], [iii].)
The issuance of a warrant prior to the arrest of a parole violator is “purely a technical requirement” (People v Dyla, supra at 439), and an arrest made before a warrant has been obtained is merely a “nonconstitutional irregularity” (Dyla at 430). The requirement for a parole warrant “is more in the nature of a procedural or ‘housekeeping’ rule than a requirement designed to protect individual liberty.” (People v Dyla, 142 AD2d 423, 441 [2d Dept 1988]; People ex rel. Smith v Travis, supra.) Thus, in People v Dyla (supra), the Second Department held that a parolee’s arrest by his parole officer for a parole violation prior to obtaining a warrant was, at most, a technical violation of a procedural statute. The warrantless arrest did not violate any of the parolee’s constitutional rights, nor did it require application of the exclusionary rule to evidence obtained as a result of the arrest for a separate offense. Similarly, in Smith v Travis (supra), a parole officer’s arrest of a parolee before she had reported his parole violations to her supervisor and obtained a warrant was found to have been a mere ministerial violation which neither infringed on the parolee’s right to due process nor invalidated the ensuing parole revocation proceedings. Even the issuance of a warrant by the very same parole officer who furnished the report on which it was based, in violation of the indepen *496 dent review procedures required by 9 NYCRR 8004.2 (a) and (b), was found to be a mere procedural violation which did not affect the validity of the parole revocation proceedings. (See, People ex rel. Cooper v Brunette, 229 AD2d 1007 [4th Dept 1996], lv denied 88 NY2d 814 [1996].)
The trial court’s review on a motion for a trial order of dismissal under CPL 290.10 (1) is limited to the legal sufficiency of the evidence, which must be viewed in the light most favorable to the People. (See, People v Thompson, 222 AD2d 156, 159 [2d Dept 1996], affd 90 NY2d 615 [1997]; People v Vasquez, 142 AD2d 698 [2d Dept 1988], lv denied 72 NY2d 1050 [1988]; People v Phillips, 256 AD2d 733 [3d Dept 1998].) A trial order of dismissal may not be issued based upon an assessment of the quality or weight of the evidence, nor upon the judge’s personal impression of the credibility of the witnesses. (People v Thompson, 158 Misc 2d 397, 407 [Sup Ct, Queens County 1998], affd 222 AD2d 156 [1996], supra.) The trial court must instead determine whether there is “competent evidence which, if accepted as true, would establish every element of the offense charged and the defendant’s commission thereof, except that such evidence is not legally sufficient when corroboration required by law is absent.” (People v Thompson, supra, 222 AD2d at 159 [emphasis added]; see also, People v Decree, 14 Misc 3d 8 [App Term, 9th & 10th Jud Dists 2006]; People v Hopkins, 12 Misc 3d 130[A], 2006 NY Slip Op 51041[U] [App Term, 2d & 11th Jud Dists 2006], lv denied 7 NY3d 813 [2006]; CPL 70.20, 70.10 [1].)
The evidence offered at trial, when viewed in the light most favorable to the People, was sufficient to establish that the parole officer had reasonable cause to believe that the defendant had violated one or more conditions of his parole, that the parole officer had already reported this information to her supervisor, and that she had obtained the supervisor’s authorization for the warrant prior to the defendant’s arrest. The fact that the warrant was still being processed does not require a finding that the arrest was unauthorized as a matter of law since the statutoiy review procedure had been followed and the issuance of the warrant was a mere ministerial act. The evidence, when accepted as true, therefore was legally sufficient to establish that the defendant was in custody pursuant to an authorized arrest, and was legally sufficient to establish each element of the offense of escape in the third degree. Accordingly, the motion for a trial order of dismissal is denied.
*497 The defendant has also moved for an order pursuant to CPL 330.30 (1) setting aside the jury verdict on the ground of reversible error, contending that the court’s jury instruction was erroneous as to the element of what constitutes an authorized arrest.
The New York State pattern criminal jury instructions for escape in the third degree suggest that the following language be used, where appropriate: “An arrest is authorized when the public servant making the arrest has reasonable cause to believe that the person being arrested has committed a crime.” (CJI2d[NY] Penal Law § 205.05.) This is followed by a footnote stating, “[t]his portion of the charge assumes an arrest for a crime only as authorized by the provisions of CPL 140.10 (1) (b). If the arrest was authorized pursuant to some other subdivision of CPL 140.10 or other law, substitute the applicable provision of law.” (CJI2d[NY] Penal Law § 205.05.)
The court substituted the following language specific to the facts of this case: “An arrest is authorized when a parole officer has reasonable cause to believe that a paroled person has violated one or more conditions of his parole.” The defendant contends that the omission of additional language charging the jury that a parole officer’s authority to arrest a paroled person “is derived from a member of the board of parole or designated officer thereby, by means of a parole warrant,” was in error.
In charging a jury, the court must state “the material legal principles applicable to the particular case and, so far as practicable, explain the application of the law to the facts.” (People v Drake, 7 NY3d 28, 33 [2006]; CPL 300.10 [2].) A charge may be sufficient and substantially correct even if it contains phrases which, isolated from their context, seem erroneous. “The test is always whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at decision.” (People v Drake, supra, quoting People v Russell, 266 NY 147, 153 [1934].)
The charge given to the jury was correct under the facts of this case, since the defendant’s arrest after a warrant had been approved by the supervising parole officer, but before it was actually issued, could be found to have been authorized. The charge, when viewed in its entirety, thus conveyed the correct legal principles regarding this element as applicable to the facts of the case. (See, People v Haire, 35 AD3d 236 [1st Dept 2006], *498 lv denied 8 NY3d 923 [2007]; People v Richardson, 15 Misc 3d 138[A], 2007 NY Slip Op 50934[U] [App Term, 2d Dept 2007]; CPL 300.10 [2].) The charge satisfied statutory requirements and did not contain an error which would require reversal or modification as a matter of law if raised on appeal. (See, CPL 330.30 [1].) The motion for an order setting aside the verdict on this ground is therefore denied.